[No. 14050.   In Bank. — June 30, 1891.]

A. E. R. AGASSIZ ET AL., PETITIONERS, v. THE SU-
PERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO, RESPONDENT.

PROHIBITION — SUBSCRIPTION TO STOCK OF CORPORATION — ATTACHMENT OF PROPERTY OF NON-RESIDENT SUBSCRIBERS — REMEDY BY APPEAL.— Where property situated in this state, belonging to non-residents, is attached in an action against them upon a subscription to the stock of a corporation, prohibition will not lie to restrain the plaintiff from proceeding with the action, upon the ground that the action is one in which no attachment will lie, there being a remedy by appeal from an order refusing to dissolve the attachment.

ID. — CONSTRUCTION OF CODE — PLAIN, SPEEDY, AND ADEQUATE REMEDY. — A remedy by appeal is a "plain, speedy, and adequate remedy in the ordinary course of law," within the meaning of section 1103 of the Code of Civil Procedure, and the fact that more time would probably be consumed by appeal than in a proceeding by a writ of prohibition, does not render the remedy by appeal not " plain, speedy, and adequate."

ID. — INCIDENTAL QUESTION OF JURISDICTION.— The fact that a question of jurisdiction is incidentally raised in an action does not present a sufficient cause for granting a writ of prohibition.

APPLICATION to the Supreme Court for a writ of prohibition. The facts are stated in the opinion of the court.

*Edward J. Pringle,* for Petitioners.

*Pillsbury & Blanding,* for Respondent.

McFARLAND, J. — This is an application for a writ of prohibition commanding the respondent to refrain from entering default or judgment against petitioners in a certain action in which Charles Kohler, assignee in insolvency of the California Land and Timber Company,

a corporation, is plaintiff, and these petitioners and others are defendants.

It appears from the petition that the petitioners are stockholders in said corporation above named, which was organized under the laws of California for the purpose of doing business·here, and are also, individually, the owners of certain lands in this state, but that they are citizens and residents of Massachusetts, and absent from California, and have been served only by publication of summons. One purpose of the said action of Kohler, assignee, against said corporation, was to collect from the defendants (petitioners here) certain moneys alleged to be due from petitioners to sa.d corporation upon subscriptions to the capital stock thereof; and upon the proper statutory affidavits being made, a writ of attachment was issued, by virtue of which certain lands of petitioner were attached, — the said lands being in this state. Petitioners specially appeared in said action, for the purpose of moving to discharge said attachment; they made such motion, and it was denied by the court. Whereupon they commenced the present proceeding in this court, and ask that respondent be prohibited from proceeding further in said action against petitioners, because, as they say, respondent has no jurisdiction so to do, for the reason that petitioners are non-residents. They concede that there would be such jurisdiction if the writ of attachment was properly issued and levied; but they contend that, no matter how sufficient the affidavits for attachment may have been, the complaint itself shows the action to be one in which no attachment could be legally obtained.

On the surface, said action seems to have been "an action upon a contract, express or implied, against a defendant not residing in this state," within the meaning of subdivision 2 of section 537 of the Code of Civil Procedure, and therefore one in which an attachment would lie; but we do not propose to examine or deter-

mine that question, because, in our opinion, prohibition is not a remedy which petitioners in this instance can invoke.

Petitioners had the right to appeal from the order refusing to dissolve the attachment, and would have an appeal from any final judgment in the case; and such appeal being a "plain, speedy, and adequate remedy in the ordinary course of law," within the meaning of section 1103 of the Code of Civil Procedure, prohibition does not lie. A remedy does not fail to be speedy and adequate because by pursuing it through the "ordinary course of law" more time would probably be consumed than in the proceeding here sought to be used. And it makes no difference that in this instance a question of jurisdiction incidentally depends upon the validity of an attachment. If that were so, then in every ordinary civil action, whenever a defendant chose to raise a point of jurisdiction, either of the person or of the subject-matter, he could by prohibition stop the ordinary progress of the action toward a judgment until this court had passed upon the intermediate question; and thus this tribunal would, in innumerable cases, be converted from an appellate to a *nisi prius* court. Petitioners complain of the hardship which they would suffer if obliged to pursue ordinary remedies; but their complaint really is, that further special privileges and advantages are not added to those which, as non-residents, they already possess. Owing to our particular system of government, and certain judicial decisions, residents of other states, although doing business and owning property in California, are not compelled in most instances to submit themselves to the jurisdiction of our courts when our citizens seek to enforce rights against them, although they may seek the aid of our courts when desirous of enforcing their own rights. But with respect to the question before us they are in no different position

from that of a resident defendant who chooses, in the ordinary course of a civil action, to raise a question about the validity of an attachment or the jurisdiction of the court. In either case the remedy is by appeal, and whatever hardship that remedy might impose would be common to both.

The substantially correct rule is stated in High on Extraordinary Legal Remedes, as follows: " Like all other extraordinary remedies, prohibition is to be resorted to only in cases where the usual and ordinary forms of remedy are insufficient to afford redress. And it is a principle of universal application, and one which lies at the very foundation of the law of prohibition, that the jurisdiction is strictly confined to cases where no other remedy exists; and it is always a sufficient reason for withholding the writ, that the party aggrieved has another and complete remedy at law." (Sec. 770.) And further, the same author says: "Thus where the defendant in an action instituted in an inferior court pleads to the jurisdiction of such court, and his plea is overruled, no sufficient cause is presented for granting a prohibition, since ample remedy may be had by an appeal from the final judgment in the cause. Nor will the writ go to restrain an inferior court from proceeding with certain attachments upon the ground of the insufficiency of the affidavit on which the attachments were issued, since the court itself may afford relief, or the party aggrieved may resort to an appeal." (Sec. 771.)

Moreover, the point was directly decided by this court and applied even to a criminal case, in *Strouse* v. *Police Court*, 85 Cal. 49. In that case the petitioner for the writ had pleaded to the jurisdiction of the police court; but the court here, Paterson, J., delivering the opinion, said: " If the petitioner should be convicted in the police court, he will have a plain, speedy, and adequate remedy at law by an appeal to the superior court. Ap-

plication for writ denied." (See also *Murphy* v. *Superior Court*, 84 Cal. 598; *Levy* v. *Wilson*, 69 Cal. 105; *State* v. *Cory*, 35 Minn. 178.)

The demurrer to the application is sustained, and the proceeding dismissed.

PATERSON, J., HARRISON, J., DE HAVEN, J., SHARPSTEIN, J., GAROUTTE, J., and BEATTY, C. J., concurred.