[S. F. No. 94.   In Bank.—November 13, 1895.]

GEORGE E. WHITE, PETITIONER, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

DIVORCE—ALIMONY—SALE OF HUSBAND'S PROPERTY BY RECEIVER—APPEAL—CERTIORARI.—An order after judgment directing the sale by a receiver of property of the husband for the purpose of satisfying a judgment for alimony is appealable, and, regardless of whether there is an excess of the jurisdiction of the court in making it, the remedy by appeal is conclusive of the right to review it upon *certiorari*.

ID.—PROHIBITION—APPEAL—STAY OF PROCEEDINGS.—The writ of prohibition lies only where there has been an excess of jurisdiction, and there is not a plain, speedy, and adequate remedy in the ordinary course of law; and where an appeal affords a complete and adequate remedy, and the same ends may be accomplished by it, and a stay of proceedings thereupon, as by writ of prohibition, although perhaps not in so expeditious a manner, the party is not entitled to the writ, but must resort to his remedy by appeal, although a question of jurisdiction may be involved.

ID.—APPEAL FROM ORDER DIRECTING RECEIVER TO SELL—STAY OF PROCEEDINGS.—By an appeal from an order directing a receiver to sell the property of the husband to satisfy a decree for alimony, the hand of the superior court and that of its instrument, the receiver, may be effectually stayed, pending the determination of the appeal, by giving the proper bond, and there can be no necessity in such a case for prohibition.

APPLICATION in the Supreme Court to review and prohibit the execution of an order of the Superior Court of the City and County of San Francisco requiring a receiver to sell the property of petitioner.   J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court.

*Barclay Henley,* and *Edward Lynch,* for Petitioner.

Prohibition and *certiorari* are appropriate writs to arrest and review the proceedings of the superior court in ordering the receiver to make a sale in excess of the jurisdiction of the court.   (*French Bank case,* 53 Cal. 495; *Bateman* v. *Superior Court,* 54 Cal. 286; *State Inv. etc. Co.* v. *Superior Court,* 101 Cal. 135; *People's Home Savings Bank* v. *Superior Court,* 103 Cal. 34.)

*Henry E. Highton, Walter H. Linforth,* and *William T. Baggett,* for Respondent.

The order sought to be reviewed was made after judgment and is appealable, and, therefore, is not reviewable by *certiorari* or otherwise than by appeal. (Code Civ. Proc., secs. 939, 963, 1068; *Bennett* v. *Wallace,* 43 Cal. 25, 26; *Newman* v. *Superior Court,* 62 Cal. 545; *Golden Gate etc. Co.* v. *Superior Court,* 65 Cal. 188; *Slavonic Illyric Mut. Ben. Assn.* v. *Superior Court,* 65 Cal. 500, 501; *Stuttmeister* v. *Superior Court,* 71 Cal. 322; *McCue* v. *Superior Court,* 71 Cal. 545; *In re McConnell,* 74 Cal. 217, 219; *Gibson* v. *Superior Court,* 83 Cal. 643.) The fact that the order was without jurisdiction does not authorize review by *certiorari* if appeal is provided. (*Sturgis* v. *Shepard,* 28 Cal. 115.) The writ of prohibition lies only where there is not a plain, speedy, and adequate remedy in ordinary course of law. (Code Civ. Proc., sec. 1103; *Murphy* v. *Superior Court,* 84 Cal. 592; *Strouse* v. *Police Court,* 85 Cal. 49; *Agassiz* v. *Superior Court,* 90 Cal. 101.) An appeal is a plain, speedy, and adequate remedy. (*Powelson* v. *Lockwood,* 82 Cal. 613; *Murphy* v. *Superior Court,* 84 Cal. 592; *Childs* v. *Edmunds* (Cal., March 9, 1884), 10 Pac. Rep. 130; *Mancello* v. *Bellrude* (Cal., June 15, 1886), 11 Pac. Rep. 501.) The writ of prohibition lies only where the proceedings complained of are without or in excess of the jurisdiction of such tribunal. (Code Civ. Proc., sec. 1102; *People* v. *Supervisors,* 47 Cal. 81; *People* v. *Whitney,* 47 Cal. 584; *Sacramento etc. R. R. Co.* v. *Superior Court,* 55 Cal. 457; *Kalloch* v. *Superior Court,* 56 Cal. 229; *More* v. *Superior Court,* 64 Cal. 345; *Agassiz* v. *Superior Court, supra; History Co.* v. *Light,* 97 Cal. 56.)

VAN FLEET, J.—This is an original proceeding, which in the matter of remedies sought is somewhat multifarious, and consequently not susceptible of single definition.

Petitioner asks for *certiorari* to review, and prohibition to stop, the execution of a certain order of the re-

spondent court complained of. From the petition and the return thereto it appears that, in an action for divorce pending in said superior court, in which the petitioner, George E. White, is plaintiff, and one Frankie White, defendant, a decree of divorce was entered in May, 1889, and the question of the property rights of the parties referred to a referee for report thereon. Subsequently, in June, 1894, a receiver was appointed in said cause to take charge and possession of the property, real and personal, of the plaintiff therein, the petitioner here, and hold, manage, and control the same, under the supervision of said superior court, until further order in the premises. On February 9, 1895, the report of the referee having been received, said court made and entered its final decree in said action, awarding to the defendant therein, Frankie White, the sum of one hundred thousand dollars as permanent and final alimony, allowances, etc., and directing that the receiver theretofore appointed be continued as such, and take all necessary and proper measures to enforce and secure the payment and satisfaction of the amount awarded by said decree, and certain unpaid monthly allowances due, and after such payment to hold any residue of said property subject to the further order of the court.

Thereafter, on the nineteenth day of April, 1895, said court, on application of the defendant in said cause, and against the objections of the petitioner, made an order therein, requiring and directing said receiver to proceed as such and sell the property of the petitioner, so far as should be necessary, in satisfaction of said judgment. It is this last-mentioned order which is made the subject of attack herein. Petitioner alleges that the making of said order directing a sale by said receiver of petitioner's property, consisting in large part of lands in different counties of the state, for the satisfaction of a mere money judgment, such as it is contended the final decree in said cause in effect is, is beyond the jurisdiction of said superior court, and contrary to the course of the law, for various alleged reasons not necessary to

be here recited; that the only competent way in which said property can be sold in satisfaction of said judgment or decree is by execution at the hands of the sheriff, and that a sale by said receiver will operate to deprive petitioner of his property without due process of law.

Without examining into the question of the power of the court to make said order, it is apparent, we think, at the threshold that, upon the facts stated, petitioner is entitled to neither remedy sought.

1. It is very clear that the facts do not make a case wherein *certiorari* may be availed of. That writ will lie only where there is no appeal from the judgment or order complained of. (Code Civ. Proc., sec. 1068; *Stuttmeister* v. *Superior Court*, 71 Cal. 322, and cases there cited.) The order in question is a special order, made after final judgment, and, as such, is made the subject of appeal by express terms of the statute (Code Civ. Proc., sec. 939, subd. 3; sec. 963, subd. 2; *Slavonic etc. Assn.* v. *Superior Court*, 65 Cal. 500; *Livermore* v. *Campbell*, 52 Cal. 75; *Calderwood* v. *Peyser*, 42 Cal. 110); and, being so appealable, it cannot be reviewed by *certiorari*.

Nor does it make any difference in this respect if the order be, as contended, in excess of the jurisdiction of the court making it, and consequently void. Void judgments and orders are not the less appealable by reason of that fact (*Livermore* v. *Campbell, supra*); and when that remedy is afforded it excludes the right to *certiorari*, notwithstanding the order be void in the extreme sense. (*People* v. *Shepard*, 28 Cal. 115; *Stoddart* v. *Superior Court*, 108 Cal. 303.) "It may be readily admitted," says Mr. Justice McFarland in delivering the opinion of the court in the case last cited, "that the court had no jurisdiction to make the order; but, as the order is appealable, *certiorari* will not lie, because it lies only when 'there is no appeal.'"

So far, then, as the remedy by *certiorari* is concerned, it would be wholly unprofitable to consider the question

as to the jurisdiction of the respondent to make the order complained of.

2. And we regard it as equally clear that the case is not one for prohibition. The writ of prohibition lies only where there has been an excess of jurisdiction and there is "not a plain, speedy, and adequate remedy in the ordinary course of law." (Code Civ. Proc., secs. 1102, 1103.) The petitioner having the right of appeal from the order under consideration, the question arises whether this right affords him "a plain, speedy, and adequate remedy" for the correction of the wrong complained of, since, unlike the provision with reference to *certiorari*, the mere right of appeal, independently of its affording adequate relief, does not, *ipso facto*, deprive him of the remedy by prohibition. (*Havemeyer* v. *Superior Court*, 84 Cal. 327, 397; 18 Am. St. Rep. 192.) It is well established, however, that when an appeal affords a complete and adequate remedy, and the same ends may be accomplished, although perhaps not in so expeditious a manner, the party is not entitled to the extraordinary remedy by prohibition, but must have resort to his remedy by appeal. In *Agassiz* v. *Superior Court*, 90 Cal. 101, it is said: "Petitioners have the right to appeal from the order refusing to dissolve the attachment, and would have an appeal from any final judgment in the case; and such appeal being 'a plain, speedy, and adequate remedy in the ordinary course of law,' within the meaning of section 1103 of the Code of Civil Procedure, prohibition does not lie. A remedy does not fail to be speedy and adequate because, by pursuing it through the ordinary course of law, more time would probably be consumed than in the proceeding here sought to be used, and it makes no difference that in this instance a question of jurisdiction incidentally depends upon the validity of an attachment."

In *Grant* v. *Superior Court*, 106 Cal. 324, a writ of prohibition was sought to restrain the superior court from making an order fixing the compensation of a receiver, whose appointment in the action was admittedly

void, and it was said by this court: " We are of opinion that, whether the proceeding which the petitioners seek to arrest is or is not without or in excess of the jurisdiction of the superior court, the writ of prohibition ought not to issue, for the reason that the petitioners have a plain, speedy, and adequate remedy by appeal from any order the court may make by which they would be injuriously affected. . . . . If we are right in the conclusion that any party aggrieved by an order of court directing him to pay the receiver's compensation, or directing payment out of a fund in which he is interested, has an appeal from such order, as from a final judgment in an independent proceeding collateral to the main action, and that he may stay all proceedings upon such order, pending his appeal, by filing a proper undertaking, there can be no need of a writ of prohibition in such a case, and it will not lie. (See cases referred to in *Havemeyer* v. *Superior Court, supra.*)"

In this case no reason is urged why the right of appeal which petitioner enjoys will not furnish him complete and full relief in the premises. By such appeal the hand of the superior court, and that of its instrument, the receiver, can be effectually stayed, pending its determination, by giving the proper bond, and thus the rights of the petitioner be adequately preserved until finally determined. Under such circumstances, there can be no necessity for prohibition. In this view, it becomes quite as impertinent here as in disposing of petitioner's right to *certiorari* to inquire into the power of the court to make the order in question.

It follows that the rule must be discharged and the application denied.

It is so ordered.

GAROUTTE, J., HARRISON, J., McFARLAND, J., HENSHAW, J., and BEATTY, C. J., concurred.

Mr. Justice TEMPLE, not having heard the argument, did not participate in the foregoing.