[L. A. Nos. 662, 655-658. In Bank.—May 5, 1899.]

LOS ANGELES CITY WATER COMPANY et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.—L. A. No. 662. CITY OF LOS ANGELES, Respondent and Appellant, v. LOS ANGELES CITY WATER COMPANY et al., Appellants and Respondents.—L. A. Nos. 655, 656. LOS ANGELES CITY WATER COMPANY, Respondent, v. CITY OF LOS ANGELES et al., Appellants.—L. A. No. 657. CRYSTAL SPRINGS LAND & WATER COMPANY, Respondent, v. CITY OF LOS ANGELES et al., Appellants.—L. A. No. 658.

| 124 | 385 |
| e133 | 366 |
| 124 | 385 |
| s134 | 121 |

RECEIVER—CERTIORARI—ANNULMENT OF ORDER—STAY OF PROCEEDINGS UPON APPEAL.—An order appointing a receiver, made without jurisdiction, may be annulled upon *certiorari*, notwithstanding the petitioner has appealed therefrom, and has given an undertaking to stay proceedings in an amount fixed by the judge of the court.

ID.—ORDER RESTRAINING RECEIVER.—Where the action of a receiver appointed against a water company to collect water rates due thereto was stayed pending an appeal from the order appointing the receiver, the receiver will be restrained by order of this court from collecting money received by the water company for water rates and deposited by it in bank.

CERTIORARI to review and annul an order appointing a receiver, and motion in the Supreme Court to restrain the receiver from collecting certain funds, pending appeals from the Superior Court of Los Angeles County. Frank F. Oster, Judge.

The nature of the motion is stated in the syllabus. The facts and principles involved are stated at length in the opinion of the court given upon the appeals, *supra*, p. 368.

J. S. Chapman, Stephen M. White, and White & Monroe, for Petitioners.

W. E. Dunn, and Lee & Scott, for City of Los Angeles.

THE COURT.—The above case, L. A. No. 662, is a petition in *certiorari* to review a certain order made by the superior court in a certain action entitled *City of Los Angeles v. Los Angeles City Water Company,* after the petitioner had appealed to this court from an order of said superior court appointing a receiver, et cetera, and had given an undertaking to stay proceedings in the amount fixed by the judge of said court.

The other matter above entitled, arising out of the appeals Nos. 655, *et seq.,* is a petition for a certain restraining order.

There has this day been filed an opinion in the said appeals L. A. Nos. 655, 656, 657, and 658, determining the merits of these several cases in favor of the petitioner; and this determination lessens the importance of the two petitions here under review, and makes it unnecessary to state the facts here in detail, as they are substantially given in the opinion above referred to. It is sufficient to say that petitioner is entitled to have the order involved in the *certiorari* proceeding vacated, and to have the restraining order asked for in the other proceeding.

In the said proceeding in *certiorari,* L. A. No. 662, the order sought to be reviewed is annulled; and in the other matter— *The City of Los Angeles v. The Los Angeles City Water Company*

*et al.,* L. A. Nos. 655, 656, 657, 658—it is ordered that a restraining order be issued in accordance with the prayer of the petitioner.

Rehearing denied.