[S. F. No. 2816.   In Bank. — July 15, 1901.]

## W. R. JACOBS et al., Petitioners, v. SUPERIOR COURT OF SAN JOAQUIN COUNTY et al., Respondents.

Receiver — Prohibition — Appeal — Jurisdiction — Adequate Remedy at Law. — Since the amendment in 1897 (Stats. 1897, p. 55) to section 939 of the Code of Civil Procedure, allowing an appeal from an order appointing a receiver, and the amendment, at the same time, of section 943, providing for the staying of the order by an undertaking on appeal, a writ of prohibition will not lie to arrest proceedings under such an order, as the party aggrieved has "a plain, speedy, and adequate remedy in the ordinary course of law," within the meaning of section 1103 of that code, notwithstanding a question of jurisdiction is involved in the application for the writ.

APPLICATION for a writ of prohibition to the Superior Court of San Joaquin County, and Joseph H. Budd, Judge.

The facts are stated in opinion of the court.

W. R. Jacobs, and C. L. Flack, in *pro. per.*, for Petitioners.

C. H. Fairall, for Respondent.

S. M. Spurrier, and J. G. Swinnerton, for Receiver.

Campbell, Metson & Campbell, for James Gillis.

McFARLAND, J. — This is an original petition here for a writ of prohibition to arrest all further proceedings upon a cer-

tain order of the respondent the superior court appointing a receiver.

The appointment of the receiver was made in a certain action brought by one Gillis against one Galvan and others to foreclose a mortgage executed by Galvan and wife to Gillis on a certain tract of farming land. The order appointing a receiver authorizes him to take possession of said land, with the crops growing thereon, etc. The receiver took possession in accordance with the order, and ousted petitioners, who claim to have been in possession as lessees of the mortgagor, and to have had growing crops on the land.

Petitioners argue strenuously, that, under the facts shown, they were owners of the growing crops; that the plaintiff in the action, being merely a mortgagee of the naked land, has no legal right, before foreclosure sale, to interfere, by receivership or otherwise, with their possession and control of said crops; and that for these reasons, and other reasons given, the appointment of the receiver was unwarranted. On the other hand, respondents contend that the asserted lease was without consideration, intended merely to delay creditors, and void. But, without examining into these questions, or determining whether or not the appointment of the receiver was proper and authorized by law, it is sufficient to say that this petition for prohibition cannot be sustained, because petitioners have "a plain, speedy, and adequate remedy in the ordinary course of law," within the meaning of section 1103 of the Code of Civil Procedure. (*Agassiz* v. *Superior Court*, 90 Cal. 101; *Mines etc. Society* v. *Superior Court*, 91 Cal. 101; *Murphy* v. *Superior Court*, 84 Cal. 596; *Strouse* v. *Police Court*, 85 Cal. 49.)

Formerly—and when *Havemeyer* v. *Superior Court*, 84 Cal. 327,[1] was decided—there was no appeal from an order appointing a receiver, but in 1897 (Stats. 1897, p. 55) section 939 of the Code of Civil Procedure was amended so as to allow such appeal, and at the same time section 943 was amended so as to provide for the staying of an order appointing a receiver by an undertaking on appeal. These amendments were apparently intended to afford a remedy for prodigal, unwise, and unwarranted appointments of receivers, which seems to be a growing evil; and we think that they do afford an adequate remedy, as contemplated by said section 1103, and the

[1] 18 Am. St. Rep. 192.

decisions of this court on the subject. The fact that a question of jurisdiction arises does not change the rule as to the adequacy of the remedy by appeal. (See *Agassiz* v. *Superior Court*, 90 Cal. 101.)

The filing of the undertaking operates as a *supersedeas*, suspends all authority of the receiver under the order, withdraws from him the right to the control and possession of the property involved, and restores the same to the appealing party, from whom it had been taken. (*Buckley* v. *George*, 71 Miss. 580; *State* v. *Johnson*, 13 Fla. 33; *Farmers' National Bank* v. *Backus*, 63 Minn. 115; *Blondheim* v. *Moore*, 11 Md. 365.)

In *Farmers' National Bank* v. *Backus*, 63 Minn. 115, the court said: "The rights and powers of the receiver being suspended, of which he was duly notified, he should have restored possession of the premises to the appellant; for, his authority to take being inoperative by the suspension, his authority to hold was equally so, both being derived from the same order. The legal effect of the appeal and *supersedeas* was to withdraw from the receiver the right to the possession of the property, and vest that right in the party from whom it had been taken." In *State* v. *Johnson*, 13 Fla. 33, the court said: "No new rights having been created, and the duties of the receiver being superseded, the bond standing in place of the property in his hands, and he having been notified thereof by proper process, it was his duty to restore that which had come to his hands to the parties from whom it had been taken and withheld; for, his authority to take being inoperative by ·the suspension, his authority to hold was equally so, both being derived from the same order." Therefore the appeal, and the undertaking thereon provided by our code, furnish in nearly all cases at least an adequate remedy in the ordinary course of law.

The case of *Los Angeles City Water Co.* v. *Superior Court*, 124 Cal. 385, appears, at first blush, to be an authority in support of petitioners' contention; but the first part of the *syllabi*, by inadvertence, gives an inaccurate statement of the decision. It was not there decided that an order improperly appointing a receiver would be annulled on *certiorari*, "notwithstanding the petitioner has appealed therefrom," and given a stay bond,—as stated in the *syllabi*. The short opinion in the case shows that the petition was not to review an order appointing a receiver, but to review subsequent orders which had been

made by the superior court "*after* the petitioner had appealed to this court from an order of said superior court appointing a receiver, etc., and had given an undertaking to stay proceedings, in the amount fixed by the judge of said court." The merit of the case had already been decided on the appeal from the order appointing a receiver (see *Los Angeles* v. *Los Angeles City Water Co.*, 124 Cal. 368), and the point was, whether the court below, after an appeal from the order appointing a receiver, accompanied by a stay bond, had jurisdiction to make certain subsequent orders. (See Supreme Court Records, vol. 2047, p. 253.)

There might, perhaps, be exceptional facts in a case which would call for a writ of prohibition notwithstanding an appeal from an order appointing a receiver, but the general rule is as above stated, and applies to the case at bar.

The petition is denied and the proceeding dismissed.

Temple, J., Van Dyke, J., Henshaw, J., Garoutte, J., and Beatty, C. J., concurred.