[Civ. No. 1370. Second Appellate District.—June 28, 1913.]

WESTERN UNDERWRITING & MORTGAGE COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, et al., Respondents.

RECEIVER—PROHIBITION TO RESTRAIN APPOINTMENT—APPEAL ADEQUATE REMEDY.—Prohibition does not lie to restrain the superior court from appointing a receiver to take charge of a corporation, pending an action by minority stockholders against those in control, if there are no circumstances incident to the case making inadequate an appeal, under section 939 of the Code of Civil Procedure, from the order of appointment.

APPLICATION for Writ of Prohibition directed to the Superior Court of San Diego County and to W. A. Sloane, Judge thereof.

The facts are stated in the opinion of the court.

Morganstern, McGee, Henning & Hendee, for Petitioner.

Warren E. Libby, and Shreve & Shreve, for Respondents.

ALLEN, P. J.—It appears from the affidavit on application for this writ that an action is pending in the superior court of San Diego County, wherein one Scott and others, minority stockholders of defendant corporation, are plaintiffs, and petitioner and others in control of the corporation, are defendants; that in that action by the amended complaint on file facts are alleged which, if true, develop a fraudulent

scheme by certain of the defendants through which plaintiffs were induced to become stockholders of the defendant company, and the money paid by them for their stock was misappropriated by certain of defendants; that the corporation is dominated by one Tennant, who has a controlling interest therein and acquired his stock without any adequate consideration and by fraudulent methods, and continues in the control and management of the corporation; that the directors thereof are elected by Tennant and are entirely subservient to his will and are mere dummies elected and acting only for the purpose of serving the interests of Tennant who by fraudulent means has acquired the greater part of the assets of the corporation; that said corporation by and through such board of directors so dominated by Tennant is dissipating its assets and plaintiffs' rights as stockholders are being destroyed; that certain contracts have been made by the corporation through Tennant and his board of directors, the effect of which has been not only to absorb a majority of the stock of the corporation, but to remove from this state all of its assets and to divert and change its business from the purposes and objects originally provided and intended and in which the corporation was engaged when plaintiffs acquired and paid for their stock. The prayer of the complaint is for an accounting, the cancellation of the fraudulent contracts specified in the complaint, for the cancellation of the shares of stock held by Tennant and alleged to have been fraudulently procured to be issued to him, and for all other appropriate relief; and, in addition, for the appointment of a receiver to take charge of the corporate affairs pending the litigation. The superior court by its order directed the defendants to appear at a time specified and show cause why a receiver should not be appointed to take charge of the business, assets, and liabilities of such corporation as prayed for in the complaint. The judge of the superior court before whom the cause is pending has announced that, if the facts set out in the complaint are established, he will appoint a receiver for the defendant corporation during the pendency of the action. Petitioner herein by this proceeding in prohibition seeks an order of this court restraining the superior court from making such appointment of a receiver, upon the grounds that the court has no jurisdiction or authority to make such appointment; that

its effect will be to suspend the corporate business, and under the statutes of this state no jurisdiction attaches for the appointment of a receiver of a corporation which is a going concern having a board of directors elected by the stockholders managing its business and affairs. It is claimed by petitioner that no adequate remedy other than the writ of prohibition exists, and for that reason it seeks the restraining order of this court.

It was the settled law of this state before the amendment of section 939 of the Code of Civil Procedure (Stats. 1897, p. 55), that the writ of prohibition was the only available remedy where a receivership was threatened, or an appointment had been made without jurisdiction, and that such court and receiver might be restrained from action under such order of appointment, but by the statute referred to the right of appeal from such order appointing a receiver was conferred and providing for the stay of such order by an undertaking upon appeal. "These amendments were apparently intended to afford a remedy for prodigal, unwise, and unwarranted appointments of receivers, . . . and they afford an adequate remedy, as contemplated by section 1103 of the Code of Civil Procedure, and want of jurisdiction does not change the rule." (*Jacobs* v. *Superior Court,* 133 Cal. 365, [85 Am. St. Rep. 204, 65 Pac. 826]; *California etc. Assoc.* v. *Superior Court,* 8 Cal. App. 711, [97 Pac. 769].) This rule suffers an exception only where it appears that through some peculiar circumstances surrounding the case or incident thereto an appeal would be inadequate. (*Ophir Silver Min. Co.* v. *Superior Court,* 147 Cal. 467, [3 Ann. Cas. 340, 82 Pac. 70].) There is nothing shown by the record, or by the petition and affidavit filed herein, taking this case out of the general rule. The costs and expenses mentioned in the affidavit attach to a hearing of the action upon its merits as affecting the questions involved outside of those incident to the appointment of a receiver. The threatened suspension of business cannot result by reason of the stay of all proceedings under the order of appointment provided by section 943 of the Code of Civil Procedure. Counsel for petitioner and respondents have exhaustively and ably presented the question of the authority of the court to appoint a receiver under the facts alleged. Entertaining the views hereinbefore expressed, it is not neces-

sary for us to consider or determine any of the questions so presented. They are matters for argument and presentation upon an appeal from the order appointing a receiver, should the court so appoint. We are of opinion that through an appeal an adequate remedy is afforded, and prohibition, therefore, will not lie.

Writ denied.

James, J., and Shaw, J., concurred.