[Civ. No. 4716. Second Appellate District, Division Two.—June 20, 1924.]

AMY I. CAMPBELL et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] RECEIVERS — APPEAL—STAY—PROHIBITION.—Under section 963 of the Code of Civil Procedure, an appeal lies from an order appointing a receiver to handle the property affected by an action to compel specific performance of an alleged contract of exchange, during the pendency of the action and a threatened appeal from the judgment ordered in favor of the plaintiff and against the defendants; and, except possibly in exceptional cases where an appeal (and the filing of the statutory undertaking), will not afford a plain, speedy, and adequate remedy, prohibition will not lie to restrain the trial court from proceeding with the appointment of the receiver.

(1) 32 Cyc., p. 619.

PROCEEDING in Prohibition to restrain the Superior Court of Los Angeles County from appointing a receiver. W. C. Doran, Judge. Writ denied.

The facts are stated in the opinion of the court.

Douglas L. Edmonds, Collier & Labarere and Louis F. Labarere for Petitioners.

James F. McBryde and Eugene J. Wix for Respondents.

WORKS, J.—Petitioners are defendants in a certain action pending in respondent court, in which one Rose A. Parry is plaintiff. The action was commenced to compel the specific performance of an alleged contract whereby petitioners agreed to exchange certain of their real property for real property of Rose A. Parry. The action was tried by respondent court, findings and judgment were ordered for plaintiff, and her counsel were directed to prepare them.

1. Right to appeal from judgment respecting receivership, note, Ann. Cas. 1915D, 802. See, also, 23 R. C. L. 45.

The signing of the findings and judgment was delayed for some months and in the interim the plaintiff in the action served upon petitioners, as defendants therein, a notice of motion for the appointment of a receiver "to handle the properties affected by the . . . action during the pendency of said matter and the appeal that has been threatened; said receiver to do such things as may be necessary under such receivership." On the day for which the motion was noticed a hearing was had pursuant to the notice and at its conclusion respondent court entered its minute order granting the motion. Thereafter and on the same day the findings and judgment in the action were signed and the judgment was thereafter duly entered. Petitioner then presented to this court his petition for an alternative writ of prohibition restraining respondents from proceeding with the appointment of a receiver pursuant to the order made by respondent court, and an alternative writ was granted. The question now before us is whether a peremptory writ shall issue.

[1] Upon demurrer to the petition respondents contend that this court cannot issue the writ for the reason that petitioners will have a plain, speedy, and adequate remedy by appeal from any order made by respondent court appointing a receiver. The supreme court said in *Jacobs* v. *Superior Court,* 133 Cal. 364 [85 Am. St. Rep. 204, 65 Pac. 826]: "Formerly—and when *Havemeyer* v. *Superior Court,* 84 Cal. 327 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121], was decided—there was no appeal from an order appointing a receiver, but in 1897 (Stats. 1897, p. 55) section 939 of the Code of Civil Procedure was amended so as to allow such appeal, and at the same time section 943 was amended so as to provide for the staying of an order appointing a receiver by an undertaking on appeal. These amendments were apparently intended to afford a remedy for prodigal, unwise, and unwarranted appointments of receivers which seems to be a growing evil; and we think that they do afford an adequate remedy, as contemplated by . . . section 1103 [of the Code of Civil Procedure] and the decisions of this court on the subject. The fact that a question of jurisdiction arises does not change the rule as to the adequacy of the remedy by appeal. (See *Agassiz* v. *Superior Court,* 90 Cal. 101 [27 Pac. 49].) The filing of the undertaking operates as a *supersedeas,* suspends all authority

of the receiver under the order, withdraws from him the right to the control and possession of the property involved, and restores the same to the appealing party, from whom it had been taken.'' The same rule is stated in *California F. G. Assn.* v. *Superior Court,* 8 Cal. App. 711 [97 Pac. 769], and in *Western U. & M. Co.* v. *Superior Court,* 22 Cal. App. 413 [134 Pac. 732]. It is said, however, in *Jacobs* v. *Superior Court* that there ''might, perhaps, be exceptional facts in a case which would call for a writ of prohibition, notwithstanding an appeal from an order appointing a receiver, but the general rule is as above stated,'' and language to the same import occurs in *Western U. & M. Co.* v. *Superior Court.* Are the facts of the present case such as to make it an exceptional one and not subject to the general rule? We think not. If petitioner shall appeal from any order of respondent court appointing a receiver, that order will become innocuous upon the giving of an undertaking for the purpose of staying the operation of the order. The receiver cannot then enter upon the performance of his duties, and, especially, cannot take possession or control of the properties involved in the action, nor exercise dominion over them. This condition will continue until disposition is made of the appeal from the order, and that event will probably occur either before or at the same time with the determination of the appeal which will doubtless be taken from the judgment in the action, which latter event will finally settle the controversy between the parties. Although the record here contains copies of the pleadings and findings in the action and of various affidavits used upon the motion made in the trial court, petitioners point us to nothing indicating that the case should be treated as an exception to the general rule that prohibition will not lie to prevent the appointment of a receiver. They merely say that the question is for us ''to decide from all the circumstances of the case.'' There is nothing in those circumstances impelling us to determine that the case is not within the operation of the general rule.

It is to be observed that the right to appeal from an order appointing a receiver, said in *Jacobs* v. *Superior Court, supra,* to have been conferred by section 939 of the Code of Civil Procedure is now provided for in section 963 of that code.

The demurrer is sustained, the alternative writ of prohibition is vacated, and the application for a peremptory writ is denied.

Finlayson, P. J., and Craig, J., concurred.