[Civ. No. 5137. First Appellate District, Division Two.—February 17, 1925.]

ISAAC GREENBURG et al., Petitioners, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] PROHIBITION—UNLAWFUL DETAINER—ORDER APPOINTING RECEIVER AND IMPOUNDING RENTALS AFTER JUDGMENT—APPEAL—UNDERTAKING.—A writ of prohibition will not be granted to restrain the enforcement of an order made in an unlawful detainer action appointing a receiver and directing the defendants therein to pay the rents to such receiver, where such order was made after judgment in favor of said defendants (from which judgment plaintiff had perfected an appeal), and was, therefore, an appealable order within the meaning of section 963 of the Code of Civil Procedure, and the filing of an undertaking on an appeal from the order would have stayed the appointment of the receiver and the command to impound the rentals.

[2] ID.—APPEALS—REMEDIES.—The writ of prohibition may issue only upon a showing that the petitioner has no "plain, speedy and adequate remedy in the ordinary course of law"; and the right of appeal from the order complained of is a "remedy in the ordinary course of law."

[3] ID.—PLEADING.—Those who seek the extraordinary remedy of prohibition must plead the facts or circumstances which take the case out of the general rule—the stereotyped allegation that they have no "plain, speedy, and adequate remedy" is insufficient when it is apparent that the remedy by appeal exists.

(1) 32 Cyc., p. 619, n. 25.   (2) 32 Cyc., p. 614, n. 2.   (3) 32 Cyc., p. 625, n. 70.

PROCEEDING in Prohibition to restrain the Superior Court of the City and County of San Francisco from en-

1. Prohibition as process for review and correction of errors, notes, 1 Ann. Cas. 713; Ann. Cas. 1913D, 593. See, also, 21 Cal. Jur. 588.

2. When writ of prohibition lies, notes, 12 Am. Dec. 604; 18 Am. Dec. 238; 111 Am. St. Rep. 929. See, also, 22 R. C. L. 12; 21 Cal. Jur. 587.

forcing an order appointing a receiver and impounding rentals.    John J. Van Nostrand, Judge.    Writ denied.

The facts are stated in the opinion of the court.

Sylvain J. Lazarus and Eugene H. O'Donnell for Petitioners.

Harry K. Wolff and A. Spivock for Respondents.

NOURSE, J.—Petitioners are joint defendants in an action pending in the respondent court in which Dora Adelstein is plaintiff. That action is one in unlawful detainer wherein the plaintiff, as owner of certain real property, sought the forfeiture and cancellation of her lease to said premises against the defendants, the petitioners herein, as lessees of said property. Judgment went for the defendants and the plaintiff in due time filed and perfected her appeal which is now pending in this court. Thereafter the plaintiff made a motion before said court requesting that the court order said defendants to deposit in court, or in bank, all moneys then due or thereafter to become due from said defendants as rent for said premises under the lease which was the subject matter of the litigation. Said motion was granted by respondent court, and pursuant thereto an order was entered on November 5, 1924, commanding said defendants to pay said rentals to E. M. Levy, who was therein designated and appointed receiver for the purpose of receiving and collecting said funds. Said order particularly commanded the defendants to pay to said receiver the sum of $2,750, being rental due for said premises from the first day of February, 1924, to the thirtieth day of November, 1924, and thereafter the sum of $275 monthly, this being the rental stipulated in the lease. The defendants refused to abide by this order but offered to pay the rentals (which are admitted to be due and payable) to the plaintiff alone, but on the condition that she would give them a receipt for payment under the lease. This the plaintiff refused to do because she felt that such a receipt would be an acknowledgment from her that the lease was

in all respects in full force and effect and that this would jeopardize her position on the appeal from the judgment.

It is the enforcement of this order which the petitioners seek to restrain in this proceeding. The petition is framed on the theory that the respondent court was without jurisdiction to appoint a receiver or to compel the impounding of the rentals after the plaintiff's appeal was perfected. The facts stated are not controverted and are taken from the petition for the writ and from respondents' answer thereto. The petitioners seek to confine the hearing to the single issue of want of jurisdiction to make the order, but the respondents go further and insist that the writ should not issue because the petitioners had an adequate remedy by appeal from the order.

[1] We are satisfied that the writ must be denied upon the grounds urged by the respondents, and, therefore, do not deem it necessary to consider the interesting question of the power of the superior court, after an appeal has been perfected, to appoint a receiver to preserve the funds involved in the litigation.

[2] The writ of prohibition may issue only upon a showing that the petitioner has no "plain, speedy, and adequate remedy in the ordinary course of law." (Sec. 1103, Code Civ. Proc.) The right of appeal from the order complained of has always been held a "remedy in the ordinary course of law." (*Agassiz* v. *Superior Court,* 90 Cal. 101, 103 [27 Pac. 49]; *White* v. *Superior Court,* 110 Cal. 54, 58 [42 Pac. 471]; *Grant* v. *Superior Court,* 106 Cal. 324, 326 [39 Pac. 604]; *Jacobs* v. *Superior Court,* 133 Cal. 364, 365 [85 Am. St. Rep. 204, 65 Pac. 826]; *Campbell* v. *Superior Court,* 67 Cal. App. 728 [228 Pac. 354].)

Cases have been cited wherein the reviewing court held that the want of jurisdiction to make the order complained of was apparent, and that, though an appeal would lie from the order, it could not be said to be a "speedy and adequate remedy" because of the expense and trouble incident to the particular litigation. These cases all rest on the principle that the writ of prohibition is a writ of discretion and not a writ of right, and the discretion of the reviewing court was exercised in each case in view of the exceptional circumstances presented. (*Ophir Silver Min. Co.* v. *Superior*

*Court,* 147 Cal. 467, 479 [3 Ann. Cas. 340, 82 Pac. 70] ; *Davis* v. *Superior Court,* 184 Cal. 691, 696 [195 Pac. 390] ; *Consolidated Adjustment Co. of California* v. *Superior Court,* 189 Cal. 92, 96 [207 Pac. 552].)

Here the order complained of is an order made after final judgment and as such is an appealable order within the meaning of section 963 of the Code of Civil Procedure. The filing of an undertaking on an appeal from the order would have stayed the appointment of the receiver and the command to impound the rentals. (Sec. 943, Code Civ. Proc.; *Jacobs* v. *Superior Court,* 133 Cal. 364, 366 [85 Am. St. Rep. 204, 65 Pac. 826] ; *White* v. *Superior Court,* 110 Cal. 54, 59 [42 Pac. 471] ; *Campbell* v. *Superior Court,* 67 Cal. App. 728 [228 Pac. 354, 355].)

[3] Those who seek the extraordinary remedy of prohibition must plead the facts or circumstances which take the case out of the general rule—the stereotyped allegation that they have no "plain, speedy, and adequate remedy" is insufficient when it is apparent that the remedy by appeal exists. The petitioners here have merely alleged that they would be greatly harassed by the efforts of the receiver, resulting in actions at law, attachments, etc., in his attempt to enforce the order of the respondent court. But, as we have said, the filing of a sufficient undertaking would have completely nullified the power of the receiver and would have forestalled all these actions. The only inconvenience to which the petitioners would have been subjected pending the appeal from the judgment, if such an undertaking were not filed on the appeal from the order, would be that they would have been required to pay the rentals which are admittedly due for the premises during the period when they were enjoying the possession.

For these reasons we conclude that this is not a proper case for prohibition.

Writ denied.

Langdon, P. J., and Sturtevant, J., concurred.