[Civ. No. 7142. First Appellate District, Division One.—September 20, 1929.]

PACIFIC BROADCASTING COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Shortridge & McInerney and Bronson, Bronson & Slaven for Petitioner.

No appearance for Respondents.

THE COURT.—An application for a writ of prohibition to prohibit the taking of any further proceedings under an order appointing a receiver, upon the ground that said order is void for want of jurisdiction to make it.

It does not appear from the petition that any application has ever been made to the trial court to vacate the order now claimed to be void, and as held in *Havemeyer* v. *Superior Court,* 84 Cal. 327 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121, 141], "When a party has an opportunity of objecting in the lower court that it is proceeding or is asked to proceed in a matter without or in a manner exceeding its jurisdiction, he ought to make the objection there. It is only fair to the court that the objection should be brought to its attention in some proper form. If no objection is made,—the party having every opportunity to object,—the court may reasonably infer that no ground of objection exists, and not only is the court entitled to the advice and suggestions of the party with reference to objections apparent on the record,—there are many cases in which the ground of objection would not appear unless set forth by plea in some form. And it is to be presumed that any valid objection properly brought to the attention of the court would generally prevail, and that all necessity for a writ of prohibition would be obviated. Therefore, the interest of the public in preventing unnecessary litigation, as well as consideration for the judge of the lower court, demand that the objection should be made at the first opportunity."

Furthermore, the following cases hold that since under the amendment to the code in 1897 (Stats. 1897, pp. 55, 56), an appeal may be taken from an order appoint-

ing a receiver and an undertaking given to stay the operation of the order pending the appeal, the remedy of prohibition will not lie, notwithstanding the question of jurisdiction to make the order may be involved (*Jacobs* v. *Superior Court,* 133 Cal. 364 [85 Am. St. Rep. 204, 65 Pac. 826, 827]; *Campbell* v. *Superior Court,* 67 Cal. App. 728 [228 Pac. 354]; *Lieberman* v. *Superior Court,* 72 Cal. App. 18 [236 Pac. 570]). The decision in *Jacobs* v. *Superior Court, supra,* indicates, however, that there "might perhaps be exceptional facts in a case which would call for the writ of prohibition notwithstanding an appeal from an order appointing a receiver."

No such exceptional facts are here pleaded. In substance they are as follows: Edward J. Cooke commenced an action against the Pacific Broadcasting Company, a corporation (the petitioner herein), station KYA, John Doe, Richard Roe and James Doe upon an assigned claim for the sale of merchandise, amounting to $1,034.91, alleging that said company was insolvent, and that an attachment by another creditor for $4,091.96 had been levied upon its property which would more than absorb all of the assets of said company; and upon those grounds Cooke asked for the appointment of a receiver and judgment for the amount of his claim. Thereupon, the petition alleges, the trial court granted an order, *ex parte,* appointing a receiver, who gave a bond in accordance with the order of court for $10,000 for the faithful performance of his duties, and took possession of said broadcasting station; that five days thereafter, to wit, on August 31, 1929, on petition of said receiver, the court granted another order directing the sale of the assets of said broadcasting station; that pursuant to said order, the sale was noticed for September 26, 1929, in response to which the receiver obtained one bid. The petition further alleges that defendants were never served with copies of the summons or complaint in the action, nor with copies of the petition or the order for the sale of the property; and it is claimed therefore that the court was without jurisdiction to make any of said orders. Upon the grounds mentioned the petitioner, Pacific Broadcasting Company, seeks this writ to prohibit any further proceedings being taken under said orders and to have the orders declared void.

It is evident from the foregoing that the remedy by appeal afforded by the code sections (Code Civ. Proc., secs. 943, 963), if it becomes necessary to invoke the same, will serve the full purpose of the writ which petitioner seeks, because upon taking such an appeal and giving an undertaking, all proceedings based upon the order appointing the receiver will be stayed pending the determination of the appeal, and the validity of said order appointing the receiver will be determined on the appeal.

For the reasons stated we are of the opinion that the application should be denied, and it is so ordered.