[Civ. No. 11780. Second Appellate District, Division Two.—May 9, 1938.]

SANTA YNEZ MERCURY CORPORATION, LTD. (a Corporation), et al., Petitioners, v. THE SUPERIOR COURT OF SANTA BARBARA COUNTY et al., Respondents.

Howard & Littlefield, Frederick L. Howard and Forrest E. Littlefield for Petitioners.

Fred A. Shaeffer for Respondents.

McCOMB, J.—This is an original application for a writ of prohibition to restrain (a) all further proceedings upon an order of the respondent superior court appointing a receiver for petitioner corporation, and (b) all further proceedings in an action now pending before the Superior Court of Santa Barbara County entitled *Oscar E. Hanno et al., Plaintiffs,* v. *Santa Ynez Mercury Corp. et al., Defendants,* No. 29421. Respondents have filed a demurrer to the petition.

The essential facts are:

February 7, 1938, Oscar E. Hanno and Mrs. Harry Houser as plaintiffs, filed an action in the Superior Court in and for the County of Santa Barbara, naming Santa Ynez Mercury Corp., Ltd., and Hans Peters and William Peters as defendants. Paragraph IX of the complaint alleged:

"That dissension has arisen in the Board of Directors, which said board consists of four members, as hereinabove mentioned whom the plaintiffs are two, and the defendants Hans Peters and William Peters the other two. That because of the dissension, mutual hostility and distrust of the directors toward each other, no business of the corporation has been transacted by said corporation during the past year, nor is it possible because of the distrust and dissension of the Board of Directors for them to transact any business of the corporation, or to elect any person to act as manager or to give any person authority or power to transact business for said corporation."

Thereupon respondent superior court appointed respondent McCloskey receiver of the Santa Ynez Mercury Corporation's property and on February 17, 1938, made an order directing said corporation to deliver all of its property to James M. McCloskey as receiver.

February 18, 1938, defendants in said action, petitioners herein, filed a demurrer to the complaint and a motion for change of venue to Los Angeles County. On February 28, 1938, the motion for change of venue was called for hearing before respondent court, sitting in the city of Santa Barbara, which refused to entertain the motion for the reason that since plaintiffs' attorney resided in the city of Santa Maria the motion under the rules of the Superior Court of Santa

Barbara County should have been noticed before the department of the superior court sitting in Santa Maria.

■ This is the sole question necessary to determine:

*Do petitioners have a plain, speedy, and adequate remedy in the ordinary course of law?*

This question must be answered in the affirmative. It is the settled law of California that since an appeal lies from an order appointing a receiver (sec. 963, subsec. 2, Code Civ. Proc.) and an undertaking may be given staying all proceedings upon said order pending the determination of the appeal upon its merits (sec. 943, Code Civ. Proc.) this procedure constitutes a plain, speedy, and adequate remedy in the ordinary course of law within the meaning of section 1103 of the Code of Civil Procedure. (*Jacobs* v. *Superior Court,* 133 Cal. 364, 365 [65 Pac. 826, 85 Am. St. Rep. 204] ; *Pacific Broadcasting Co.* v. *Superior Court,* 100 Cal. App. 649, 650 [280 Pac. 991].)

In *Jacobs* v. *Superior Court, supra,* Mr. Justice McFarland, at page 364, says:

"This is an original petition here for a writ of prohibition to arrest all further proceedings upon a certain order of the respondent the superior court appointing a receiver.

. . . . . . . . . . . . . .

" . . . But, without examining into these questions, or determining whether or not the appointment of the receiver was proper and authorized by law, it is sufficient to say that this petition for prohibition cannot be sustained, because petitioners have 'a plain, speedy, and adequate remedy in the ordinary course of law', within the meaning of section 1103 of the Code of Civil Procedure. (Citing cases.)

" . . . The fact that a question of jurisdiction arises does not change the rule as to the adequacy of the remedy by appeal."

In *Pacific Broadcasting Co.* v. *Superior Court, supra,* at page 650, the court says:

"Furthermore, the following cases hold that since under the amendment to the code in 1897 (Stats. 1897, pp. 55, 56), an appeal may be taken from an order appointing a receiver and an undertaking given to stay the operation of the order pending the appeal, the remedy of prohibition will not lie, notwithstanding the question of jurisdiction to make the order may be involved. (*Jacobs* v. *Superior Court,* 133 Cal. 364

[85 Am. St. Rep. 204, 65 Pac. 826, 827] ; *Campbell* v. *Superior Court,* 67 Cal. App. 728 [228 Pac. 354] ; *Lieberman* v. *Superior Court,* 72 Cal. App. 18 [236 Pac. 570].) ''

Therefore, since the law is settled that a writ of prohibition will not issue where petitioner has a plain, speedy, and adequate remedy in the ordinary course of law (sec. 1103, Code Civ. Proc.; 21 Cal. Jur. (1925) 584, sec. 5; 9 Cal. Jur. Ten-year Supp. (1936) 549, sec. 5) the application for a writ of prohibition in the instant case should be denied.

Relative to the motion for change of venue, the respondent superior court has not ruled upon the same, but may be required to do so at any time by petitioner's noticing the motion for hearing before the proper department of the Superior Court of Santa Barbara County designated in the rules of that court.

Our conclusions make it unnecessary for us to pass upon the various other points discussed by counsel.

The demurrer to the petition is sustained, the application for a writ of prohibition is denied, and the alternative writ heretofore issued is discharged.

Crail, P. J., and Wood, J., concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 8, 1938.