JOHN R. KILBEE AND WILLIAM D. BARNES, APPELLANTS, VS. MARIE E. MYRICK, APPELLEE.

1. Under the statutes regulating appeals in chancery from final or interlocutory decrees a bond is not necessary to perfect an appeal. The only result attending a failure to give bond under the statutes is, that the appeal does not operate as a supersedeas.

2. Where an appeal is prosecuted from an interlocutory order or decree in chancery, under the act of 1853, if the bond is in a sufficient amount and so conditioned as to secure the appellee fully in his rights, as well as for all damages in the event the decree of the court below is affirmed, either in whole or in part, it is a sufficient bond.

Appeal from the Circuit Court of Jackson county.

This was a motion to dismiss the appeal for the want of a bond.

*C. C. Yonge*, for the motion.

*J. F. McClellan*, with whom were *Papy and Peeler*, against the motion.

WESTCOTT, J., delivered the opinion of the court:

This is a motion to dismiss the appeal in this cause, upon the ground that "no sufficient bond is given as required by law."

Many questions were discussed at bar as to the sufficiency of the bond in this cause under the statutes regulating appeals in

chancery. These questions can only be the proper subject-matter of consideration in the event that a bond is required to perfect an appeal in chancery causes. If no bond is required under the statutes, then the inquiry as to the sufficiency of the bond here becomes unnecessary for the purpose of determining this motion.

The statute regulating appeals in chancery from final decrees, the statute of February 11, 1832, provides that appeals may be taken from final decrees at any time within two years.

As remarked by Justice Thompson in 5th Fla., 252, these appeals from the equity side of the court operate as a supersedeas in two cases.

First. " When the appeal is entered, as in other cases, as provided by the general law of February 10, 1832, Thomp. Dig., 446, which is during the term of the court in which the decree is pronounced, or within ten days after adjournment; and secondly, when being taken within two years after it is pronounced, a justice of this court shall allow its operation as such upon giving bond and security as required by law. Thomp. Dig., 462. The first-named supersedeas is obtainable as a matter of right, subject to no condition except that of giving the security required by law, and the other rests in the exercise of the sound discretion of the judge."

What effect the act of 1853 may have upon this subject, in providing that causes may be heard and determined in vacation as well as term time, it is unnecessary to consider here.

The act of January 7, 1853, authorizes appeals to be taken and prosecuted from any interlocutory order, decision, judgment, or decree of the circuit court of this State when sitting as a court of equity; but appeals in these cases do not operate as a supersedeas unless the judge of the circuit court or a Justice of the Supreme Court, on inspection of the record, shall think fit to order and direct a stay of proceedings, and no appeal thus allowed can operate as a supersedeas, except on the conditions prescribed by law.

The conditions prescribed by law in cases of appeals from final decrees, which must be complied with before the appeal from the interlocutory order, decision, or decree can operate as a supersedeas, are to be found in the act of February 10, 1832, construed in connection with the other acts upon the subject.

Where an appeal is taken from an interlocutory order or decree, the bond is sufficient to justify an order of supersedeas if it, in case of a failure to reverse the order or decree either in whole or in part, is so conditioned as to bind the sureties for its performance, or for damages in case of non-performance, in so far as it is affirmed by the appellate tribunal.

The purpose of the bond is to secure the appellee in the benefits of the decree or order, in the event that the appellate tribunal refuses to sustain the appeal in whole or in part, and we think a supersedeas should be awarded when such is the case, and the justice thinks, in his discretion, that it is a case justifying a supersedeas. The act of 1853, when a supersedeas is desired, should be construed with reference to its object and purpose, its spirit and intent, which is to secure the appellee fully in his rights, as well as for all damages, in the event the decree of the court below is affirmed either in whole or in part, and if the condition of the bond is such as to secure this end, it is in our judgment a substantial compliance with its requirements.

So far as the matter of costs is concerned there is no difference, and the bond must come up strictly to the requirements of the old law.

The statutes regulating appeals from the equity side of the court, Thomp. Dig., 462, and chap. 521, Laws of Fla., authorize first an appeal in general terms, whether the decree be final or interlocutory, and then under a proviso prescribe conditions upon which the appeal so authorized by law *shall operate as a supersedeas.*

Recollecting the office of a proviso, which is simply to qualify and restrain some preceding general grant of powers or rights, we are clearly of the opinion that the only result of a failure to

give bond in appeals in chancery, is that the appeal does not operate as a supersedeas, and that it is not good ground to dismiss the appeal. The law requires a bond, for the appeal to operate as a supersedeas. There is no general requirement of a bond to authorize an appeal in chancery.

In this view it is unnecessary to determine whether the bond in this case comes up to the requirements of the law, before a supersedeas can be awarded. If a supersedeas has been improvidently granted, this motion is not the remedy.

Motion overruled.