[No. 3,840.]

## LA SOCIETE FRANÇAISE D'EPARGNES ET DE PREVOYANCE MUTUELLE v. JOHN McHENRY AND ELLEN McHENRY.

FORECLOSURE OF MORTGAGE.—The facts that the mortgagor is declared bankrupt in the District Court of the United States, and that the mortgagee proves his debt before the Register in bankruptcy, do not prevent the mortgagee from foreclosing his mortgage in a State Court upon leave granted by the District Court of the United States.

JURISDICTION OF DISTRICT COURT.—A District Court has jurisdiction to foreclose a mortgage on property which lies outside the district.

COURT MAY DIRECT SHERIFF TO EXECUTE PROCESS.—If a sheriff has received an order of sale on a decree foreclosing a mortgage, and refuses to execute it on the ground that an appeal has been taken, and the undertaking on appeal is insufficient to stay proceedings, the Court may make an *ex parte* order requiring him to proceed and sell.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

On the 18th day of June, 1870, John McHenry executed to the plaintiff a mortgage on a lot at the north-westerly corner of Washington and Taylor streets, to secure his promissory note for $14,000, due twelve months after date. On the 13th of August, 1872, this action was commenced to enforce the mortgage. It appeared by the complaint, that McHenry was, on the 20th day of March, 1872, declared a bankrupt in the District Court of the United States, and that Montgomery Godley was, on the 12th day of April, 1872, appointed his assignee. Godley was made a party defendant. The mortgaged property was not within the limits of the Nineteenth Judicial District. The defendant, McHenry, demurred because the property was outside of the District, and because there was another action pending in the District Court of the United States, between the parties for the same matter contained in the complaint. The Court overruled the demurrer on the 11th day of September, 1872. On the 4th day of October, 1872, the District Court of the United States, on motion of the plaintiff's attorney, the assignee consenting, made an order allowing the plaintiff to proceed wtih its foreclosure suit in the State

Court, provided no judgment for a deficiency was taken against the bankrupt or his assignee. On the 27th of January, 1873, McHenry answered, setting up the proceedings in bankruptcy as a bar. On the 14th of March, 1873, the Court, on motion of the plaintiff, struck out the answer as sham and irrelevant. On this motion, the order of the United States District Court was used as evidence. Judgment was then entered for the plaintiff. The judgment was in form a personal judgment against McHenry, followed by the usual decree of foreclosure. The Court, on application of the defendant, fixed the amount of the undertaking required to secure the plaintiff against the commission of waste, and for the value of the use and occupation, under the nine hundred and forty-fifth section of the Code of Civil Procedure, at $600. The plaintiff procured an order of sale, and the Sheriff advertised. The defendant, McHenry, who appealed, gave an undertaking in the sum of $600, and also one in the sum of $300. The Sheriff then refused to sell, claiming that the undertakings were sufficient to stay proceedings. On the *ex parte* application of the plaintiff, the Court made an order requiring the Sheriff to proceed and sell. The defendant also appealed from this last order.

*James B. Townsend,* for the Appellant.

*T. J. Gallagher* and *William M. Pierson,* for the Respondent.

By the Court, WALLACE, C. J.:

1. The demurrers to the complaint interposed by the defendants, were properly overruled.

2. The answers presented no available defense to the action, and were properly stricken out.

3. There is no personal judgment against McHenry for the deficiency, if any, after the application of the proceeds of the sale of the mortgaged premises.

4. The *ex parte* direction to the Sheriff to proceed with the mortgage sale, notwithstanding the appeal, was proper.

The proceedings upon the decree had not been stayed by the appeal taken from the decree.

The judgment and order affirmed.    Remittitur forthwith.

Neither Mr. Justice RHODES nor Mr. Justice NILES expressed an opinion.