### STRONG *v.* WILLEY.

### SAME *v.* SAME.

A case in equity, wherein an account and an injunction were prayed for, was at issue upon bill, answer, and replication. *Held*, that the parties, by referring the matter in controversy to an arbitrator, with the stipulation that his report should be the basis of a decree, waived the objection that the complainant's remedy was at law.

APPEALS from the Supreme Court of the District of Columbia.

Strong, in 1873, entered into a contract with the Board of Public Works of the District of Columbia for the construction of a sewer in Washington City. On the 6th of May Willey agreed with him to build a portion of it according to the specifications set forth in that contract with the board, and to receive payment therefor at a stipulated price per foot in his orders on the board, payable in sewer bonds. Disputes having arisen, Willey filed his bill, Sept. 7, 1874, in the court below against Strong, and also made defendants the Board of Audit

for the adjustment of such indebtedness of the District, as that arising under Strong's contract. The bill alleges that the work had been performed, and that Strong, after giving certain orders on the proper authorities of the District, which had been recognized as valid assignments, was attempting to induce the Board of Audit to ignore the orders in favor of Willey. It is further alleged that there was a balance due, for the payment of which Strong refused to give an order. The bill prays for an order restraining Strong from interfering with the Board of Audit in the settlement for the work so done by Willey, and from asking or receiving any certificate, bond, order, &c., therefor; for a specific performance of the agreement set up in the bill; and for general relief.

Strong's answer admits his agreement with Willey and the work done thereunder, but avers that he had given orders for the entire payment thereof, and denies interfering with the action of the board on them. He filed, in February, 1875, his bill in the court below against Willey and his surety, the Commissioners of the District, and the Board of Audit, setting up the same contract, and alleging that Willey had not complied therewith, but had been paid thereon an amount in excess of what was due him. These allegations Willey denied in his answer, and insisted that Strong was indebted to him. The matters arising upon these bills of complaint were by the respective complainants referred to the arbitrament of William B. Webb, under a stipulation that his decision was to be final and conclusive upon all questions arising in the investigation of the cases; that the court should make a final decree based upon his report, and that no exception should be made thereto. Webb made his report, finding that there was. due to Willey from Strong $15,413.21, and the court passed a decree therefor accordingly.

In the entry of the decree it is stated that the court overruled the exceptions to the report, but they are not set forth in the record.

Strong filed bills of review, which were dismissed on demurrer, and he appealed.

The remaining facts are stated in the opinion of the court.

*Mr. Nathaniel Wilson* for the appellant.

*Mr. L. G. Hine* and *Mr. S. T. Thomas* for the appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

These are bills of review to correct alleged errors of law apparent on the face of a decree. The two original suits were in reality but one. They were considered and decided together, and both are included in the same decree. They relate to controversies growing out of a single contract between the parties. The nature of these controversies is fully disclosed in the pleadings. The case of the appellee against the appellant is so stated as to admit of alternative relief. The object of the appellee evidently was to have the amount due him ascertained, and to preserve his securities. His contract called for payment in a certain class of orders on the Board of Public Works of the District of Columbia; but if for any cause he could not get valid orders, or if, by the wrongful acts of the appellant, the payment of orders actually drawn was refused when presented, compensation might be decreed to him in money, under the prayer for general relief.

In the progress of the litigation the parties agreed to refer all the matters of difference included in their respective bills to the arbitrament of William B. Webb, whose decision was to be final and conclusive, and his award was to be made the basis of the decree of the court. Pursuant to this agreement the reference was formally ordered. The arbitrator, after hearing, decided that the sum of $15,413.21 was due the appellee from the appellant. To this award the appellant filed in court certain exceptions. What these exceptions were does not appear from the record, but it does appear that they were overruled, and a decree entered against the appellant for the sum named to be collected by execution, as at law.

It is now contended that this decree is erroneous, because, 1, it does not dispose of the issues raised by the pleadings; and, 2, it is for a sum in excess of that claimed by the appellee in his original bill. In our opinion neither of these objections is good. By decreeing the payment of money the

court has in effect found either that the appellant had no fund in the hands of the District authorities on which he could draw, or that the appellant, by his improper interference to prevent the payment of the orders he drew, made himself liable personally for money.

It is not true that the amount of the decree is greater than the demand of the appellee in his original bill, if the orders theretofore issued to him were not paid. He expressly averred in the original bill that there was due him $27,670 under the contract, if his orders were not paid, and in his answer to the bill of the appellant the amount is stated to be $16,899.93. It was only in the event of his holding the orders and getting payment thereon that the balance was stated at a less sum.

The reference of the matter in dispute to the arbitrator, coupled with the agreement that his award should be made the basis of a decree in the suits, is clearly a waiver of the objection that the remedy was at law and not in equity, if any such objection in fact existed, which we are by no means inclined to admit.

The case is to be decided upon the face of the original record, and not upon the averment of new facts in the bills of review.

*Decrees affirmed.*