### ERROL v. BRAGG.

An erroneous statement in the record, that by agreement of the parties the report of a referee (appointed under the act of 1874) is to be final, may be corrected by an order rescinding the finality clause.

ASSUMPSIT.    Motion of the plaintiffs for judgment.

*Ladd & Fletcher*, for the plaintiffs.

*Aldrich & Remich*, for the defendant.

DOE, C. J.    In 1875 the case was sent to a referee under the act of 1874; but there was no trial till 1879.    In January, 1877, an order was sent to the referee stating that at the August term, 1876, the action " was by agreement of parties recommitted to you, and your report in same is to be final."    There was no agreement that the report should be final, and neither the defendant nor his counsel had any knowledge of the finality clause of the order until the first hearing before the referee, January 14, 1879, when the defendant objected to that clause.    The defendant admits that by assenting to the order of reference made under the act of 1874, he waived " any objection which he might otherwise have taken to the use of the report as evidence upon the trial before the jury." *Parker* v. *Burns*, 57 N. H. 602, 604, 605 ; *Deverson* v. *E. R. R.*, 58 N. H. 129; *Smith* v. *Fellows*, 58 N. H. 169 ; *Garland* v. *Towne*, 58 N. H. 187 ; *Daniels* v. *Lebanon*, 58 N. H. 284; *Boyd* v. *Webster*, 58 N. H. 336, 337 ; *Strong* v. *Willey*, 104 U. S. 512 ; *Baird* v. *Mayor*, 74 N. Y. 382.    His position is, not that there was error in so much of the order of 1877 as says the action was recommitted by agreement, but that " the only objectionable feature was the finality clause," which, being contrary to the recommitting agreement, and not authorized by law, should not be enforced against his objection, made at the first opportunity and never waived.    He contends that he was entitled to specific findings of fact on certain points in the report, "and to any benefit which he might derive

from the use of the report as evidence upon these points;" that because his request for such findings was not complied with, he moved to recommit; that the additional report was incomplete, and he again moved to recommit for a statement of his exceptions, to which he was entitled for the reason that his exceptions, if sustained, "would go to the use of the report as evidence;" that the "mutual motions for judgment" "were made for the purpose of raising questions of law;" and that "all steps subsequent to the hearing were with a view of having the report perfected, and were preliminary to the jury trial."

His assent to the arbitration is thus confined to the use of the report as evidence in the jury trial provided by the act of 1874, and withheld from the finality clause of the order of 1877; and that clause may have been inserted upon the not uncommon understanding that cases recommitted by agreement, after the act of 1876 took effect, came under the first, and not under the third, section of that act. Under Laws of 1874, *c.* 97, *s.* 13, 1875, *c.* 35, *s.* 3, and 1876, *c.* 35, *s.* 3, the referee's report against the defendant in this case is not final without his consent, and without a waiver or estoppel precluding him from claiming the jury trial provided by the act of 1874. So far as the question is one of fact, it has been found at the trial term that he has not consented that the report should be final, nor waived his right of jury trial reserved by the thirteenth section of the act of 1874 and the third section of the act of 1876; and no facts are found that establish a waiver or estoppel as a conclusion of law. At the trial term the record will be corrected, on motion, by an order revoking the finality clause of the order of 1877; and when the record is thus corrected, the plaintiffs' motion for judgment will be denied.

*Case discharged.*

BLODGETT and BINGHAM, JJ., did not sit: the others concurred.