[No. 1886]

SILVER PEAK MINES (A CORPORATION), THE SIL-
VER PEAK GOLD MINING COMPANY (A FOR-
EIGN CORPORATION), AND DE WITT CLINTON
BLAIR, IN HIS OWN RIGHT, AND AS ADMINIS-
TRATOR, WITH THE WILL ANNEXED, OF THE ESTATE
OF JOHN I. BLAIR, DECEASED, PETITIONERS, *v.*
THE SECOND JUDICIAL DISTRICT COURT OF
THE STATE OF NEVADA, IN AND FOR THE
COUNTY OF WASHOE, AND THE HONORABLE
W. H. A. PIKE, AS JUDGE THEREOF, RESPONDENTS.

1. PROHIBITION—SCOPE OF REMEDY—APPEAL.

A writ of prohibition cannot ordinarily be used to correct
errors by inferior tribunals, and will not issue either in civil or
criminal proceedings, where there is an adequate remedy by
appeal or writ of *certiorari*.

2. PROHIBITION—SCOPE OF WRIT—QUESTIONS REVIEWABLE.

Where an action was brought to recover possession of certain
mining ground on an agreement containing a provision for
plaintiff's taking possession of and working the mines, and the
court had original jurisdiction to hear and determine the issues,
if it erred in ordering judgment for plaintiff for possession, and
for an accounting, or for damages for defendant's refusal to
deliver possession under the agreement, its decision was review-
able by appeal only, and not on a writ of prohibition.

3. JUDGMENT—RELIEF—ACCOUNTING.

Where, in an action to recover certain mines, plaintiffs sought
to have the contract under which they claimed specifically
enforced, and also asked for general relief, the court had juris-
diction to decree an accounting under a statute providing that,
where parties appear, the court may grant any relief consistent
with the case made by the complaint and embraced within the
issue.

4. PROHIBITION—SCOPE OF WRIT—REVIEW.

Where defendants, in an action to recover a mining claim,
contended that a provision of the decree in favor of plaintiff
and directing an accounting was not within the issues, whether
the court had jurisdiction to decree such an accounting was
reviewable by appeal, and not by a writ of prohibition.

5. APPEAL AND ERROR—STAY BOND—STATUTES.

Where an action was instituted to recover possession of cer-
tain mines under a contract giving plaintiffs the right to take
possession of and work the mines, defendants, to stay execution
pending appeal from a judgment for plaintiffs, were bound to
give an undertaking, the amount of which should be fixed by
the judge under Comp. Laws, 3440, providing that, if a judg-
ment appealed from directs the delivery of possession of real

property, execution shall not be stayed unless a written undertaking be executed by appellant to the effect that during the possession of the property by appellant he will not commit or suffer any waste thereon, and that, if the judgment be affirmed, he will pay the value of the use and occupation from the time of appeal until delivery of possession pursuant to the judgment or order, not exceeding the sum fixed by the judge, a $300 cost bond being insufficient for such stay.

6. APPEAL AND ERROR—STAY—STIPULATION—ESTOPPEL.

Where, after judgment in favor of plaintiffs, the parties stipulated that the operation of a writ of assistance would be stayed to such a time as the court might set for the hearing of testimony to determine the amount of a stay bond, and that the bond, as to its form and sufficiency, should be approved by the court or a judge thereof, and should be to the end and substantially in the form as though on an appeal and given under Comp. Laws, 3440, defendants were thereafter estopped to contend that such section did not cover the bond to be given, and that the giving of a $300 cost bond was sufficient to stay the execution of the writ pending appeal.

7. APPEAL AND ERROR—STAY BOND—EXECUTION—TIME.

A bond to stay execution pending appeal may be given any time before the execution has been executed.

8. APPEAL AND ERROR—STAY BOND—FIXING AMOUNT.

When application was first made to the court to fix a stay bond pending appeal in an action to recover certain mines, the court was unable to give the matter due consideration, and authorized a temporary stay on the giving of an appeal bond for $300, reserving the right thereafter to establish the amount of a permanent bond to stay execution, pending appeal, and fixed a date for the hearing of proofs on that subject. The court thereafter fixed $150,000 as the amount of an undertaking to stay execution pending a motion for a new trial, and until 15 days thereafter. Defendants failed to introduce any proof regarding the value of the ore they were removing from the property, and as to plaintiffs' damage from waste by their continued possession. *Held*, that the court had jurisdiction to fix the amount of such stay bond.

ORIGINAL PROCEEDING. Application by Silver Peak Mines and others for a writ of prohibition against the Second Judicial District Court of Washoe County, Nevada, and the Honorable W. H. A. Pike, Judge thereof. **Writ denied.**

The facts sufficiently appear in the opinion.

*Samuel Platt, Rush Taggart,* and *Clarence Blair Mitchell,* for Petitioners.

*J. W. Dorsey* and *R. M. F. Soto*, for Respondents:

On the application for a writ of prohibition in this pro-
ceeding the only question open for consideration is: Is
the district court about to take some action which would
be in excess or without its jurisdiction?

If the judgment which it is supposed the court is about
to enforce is void, it must be so only because it is either
beyond the issues or because the district court, as a court
of equity, had not, as such, jurisdiction to render such
judgment.  If a case can be supposed in which the dis-
trict court would have jurisdiction to render such a judg-
ment as was pronounced in this case, then this court
cannot examine the pleadings for the purpose of deter-
mining whether the judgment is based upon facts suffi-
cient to constitute a cause of action, if the judgment is
within the prayer of the complaint.

In other words, a judgment is not beyond the jurisdic-
tion of a court merely because the complaint does not
state facts sufficient to constitute a cause of action.
(*Brush* v. *Smith*, 141 Cal. 459–470; *Blondeau* v. *Snyder*,
95 Cal. 521, 523; *In re James*, 99 Cal. 374, 376, and the
authorities there cited; *Head* v. *Daniels*, 15 Pac. 911;
*Le Mesnager* v. *Variel*, 144 Cal. 463, 466–467; *Crane* v.
*Cummings*, 137 Cal. 201, 202; *Dryden* v. *Parrotte*, 85 N. W.
287, 288; *North Pacific Cycle Co.* v. *Thomas*, 38 Pac. 307,
308.)

If the pleadings are to be considered in this case, the
court will find that the judgment is in accordance with
the prayer of the third amended and supplemental
complaint.  (*Van Loben Sels* v. *Bunnell*, 137 Cal. 489.)

"A writ of prohibition is a preventive, not a remedial,
process.  It cannot be used to take the place of an appeal,
or a writ of *certiorari*, or other mode of review.  When-
ever any of these remedies is available prohibition cannot
be resorted to (*Ex Parte Roundtree*, 51 Ala. 51.)" (*Caker*
v. *Superior Court*, 58 Cal. 177, 178.)

"Nevertheless, the writ ought not to issue where there
is another and adequate remedy.  Properly speaking, the
office of the writ is not to correct errors, but to prevent

courts from transcending the limits of their jurisdiction in the exercise of judicial but not ministerial power. (2 Hill, 363, 367, *et seq.*)

"The writ of prohibition is an extraordinary prerogative writ, as old as the common law itself." (*Holladay* v. *Hodge,* 65 S. E. 952.)

Such is the writ mentioned in the Nevada constitution (art. 6. sec. 4), and its nature could not be extended, even by legislative enactment, to make it operate as a writ of *certiorari,* or a writ of error, or to perform the functions of an appeal. (*Low* v. *Crown Point M. Co.,* 2 Nev. 75; *State* v. *Durand,* 104 Pac. 760.)

The writ of prohibition "does not lie to prevent an erroneous decision, or to prevent the enforcement of an erroneous judgment. It does not lie to correct errors." (*Holladay* v. *Hodge,* 65 S. E. 952; *State* v. *Durand,* 104 Pac. 760.)

As in the case of *certiorari* a writ of prohibition cannot be used as a vehicle for the correction of errors in respect to questions which the trial court was authorized to investigate and determine. (*Phillips* v. *Welch,* 12 Nev. 158.)

"Whenever the lower tribunal has regularly pursued its authority and has not in any respect exceeded its jurisdiction, our authority ceases. We cannot in this proceeding by *certiorari* furnish a panacea for all the ills that flesh is heir to; nor can we correct any errors of law or fact, not jurisdictional in their character, that may be committed by any inferior tribunal acting within the scope of its authority." (*Phillips* v. *Welch,* 12 Nev. 158.)

"The equity jurisdiction with which our district courts are invested under the constitution is that administered in the high court of chancery in England." (*People* v. *Davidson,* 30 Cal. 379; *Sanford* v. *Head,* 5 Cal. 297; *Rosenberg* v. *Frank,* 58 Cal. 387; *Willis* v. *Farley,* 24 Cal. 490; *Burns* v. *Superior Court,* 140 Cal. 1.)

This equity jurisdiction can neither be curtailed nor abridged by the legislature. (*Hicks* v. *Bell,* 3 Cal. 219; *Guy* v. *Hermance,* 5 Cal. 73; *In re Jessup,* 81 Cal. 408;

*Willis* v. *Farley,* 24 Cal. 490; *City of Tulare* v. *Hevren,* 126 Cal. 226; *Bacon* v. *Bacon,* 150 Cal. 477.)

The district court as a court of equity having taken jurisdiction for one purpose will assume it for all purposes, and retain it so as to do complete justice between the parties; for it will not permit litigation piecemeal. (*Ord* v. *McKee,* 5 Cal. 515; *O'Connor* v. *Irvine,* 74 Cal. 435; *Watson* v. *Sutro,* 86 Cal. 500; *Booken* v. *Aitken,* 140 Cal. 473; *Quint* v. *McMullen,* 103 Cal. 381; *People* v. *Gold Run M. Co.,* 66 Cal. 155; *Walsh* v. *Wallace,* 26 Nev. 299; *Frey* v. *Londen,* 70 Cal. 550; *Feeney* v. *Chester,* 7 Idaho, 324.)

The application for order fixing stay bond must be accompanied by the facts essential to invoke judicial discretion.

In *State* v. *Clements,* 94 Pac. 837, the supreme court of that state issued a *mandamus* requiring the lower court to set aside an order granting a stay of execution without terms pending a motion for a new trial. On motion to quash the alternative writ issued, the court held that it did not appear what facts were shown to the judge of the lower court or brought to his knowledge at the time the order was made; that the trial judge will be presumed to have done his duty, and to have acted in granting a stay, either upon knowledge within his possession gained from the proceedings themselves or from a proper showing made when the stay order was demanded.

In the same case (95 Pac. 845), there was a hearing on the amended petition wherein it was stated that no facts were shown or brought to the knowledge of the district court or the judge thereof on the application for a stay of execution; that such stay was based upon the mere verbal request of the defendant's counsel without any showing whatever. The court held: "The duty did not rest upon the successful party to furnish the facts necessary to move the defendant's discretion. He was entitled to his execution, in the absence of a stay, and the stay could be granted only upon an application, supported by facts sufficient to move judicial discretion."

Whether an execution shall be stayed pending an appeal, without security, or whether the appellant shall be compelled to give security, and, if so, the amount thereof in order to entitle him to such stay, are matters purely of legislative control.

Under the statute the amount of the undertaking to stay execution in cases where the judgment appealed from directs delivery of the possession of real property must be fixed by the judge. (*Boob* v. *Hall,* 105 Cal. 413.)

*Gutzeit* v. *Pennie,* 97 Cal. 484, holds that if a bond is given upon an appeal which is not sufficient to stay execution the judgment creditor is not affected. He is at liberty to enforce the judgment at any time, because it is the duty of the appellant to give such an undertaking as the statute requires if he desires to stay the enforcement of the judgment. See *Spence* v. *Kowalsky,* 95 Cal. 152; *Sheppard* v. *Tyler,* 92 Cal. 552; *Johnson* v. *King,* 91 Cal. 307–309; Freeman on Executions, sec. 32a, p. 121.

In *Neale* v. *Superior Court* the appellant filed a bond, which was approved, to stay proceedings, the court says (pp. 29–30): "Did the appeal entitle the corporation to a stay of proceedings under section 945 of the code of civil procedure? The order in question required the delivery of possession of real property. That section provides that an appeal from such an order shall not stay execution unless a written undertaking, as therein specified, shall be given. In the present case such an undertaking, duly approved, was given. It would seem that the converse of the proposition must be true, and that, if the undertaking is given, it does stay the execution of the order appealed from. The very object of the undertaking is to secure the person in whose favor the judgment or order is made for the damages which he may sustain by the delay."

Section 3438 of the Compiled Laws requires the same sort of an undertaking where the judgment directs delivery of personal property, as does section 3440 where the judgment directs the delivery of possession of real property.

*Swasey* v. *Adair*, 88 Cal. 203, involved a judgment for the delivery of personal property. Upon appeal the appellant gave the ordinary undertaking for $300, and when execution was issued applied to the supreme court for a writ of *supersedeas*. The court says, referring to the section of the California code of civil procedure, practically identical with section 3438: "A judgment for plaintiff, in an action for the recovery of personal property, is immediately enforceable by a return of the property in specie, unless the defendant gives an additional bond to stay proceedings pending his appeal. On the other hand, section 943 of the code of civil procedure expressly provides that 'If the judgment appealed from direct the delivery of * * * personal property, the execution of the judgment cannot be stayed by appeal, unless the things directed to be delivered be placed in the custody of such officer or receiver as the court may appoint, or unless an undertaking be entered into on the part of the appellant * * * to the effect that the appellant will obey the order of the appellate court upon the appeal.' For these reasons, we think the appellant is not entitled to an order of this court for a stay of proceedings on the judgment from which she has appealed. In other words, we consider that we can grant such relief on the mere motion of an appellant, and as an incident of our appellate jurisdiction, in those cases only where the appeal has been so taken and perfected as to operate a stay according to the provisions of the statute."

In *Bateman* v. *Superior Court*, 139 Cal. 190, the court, on page 143, says: "The action being in unlawful detainer 'an appeal by the defendant shall not stay proceedings upon the judgment, unless the judge or justice before whom the same was rendered so directs.' (Code Civ. Proc., sec. 1176.) In this case there was no direction by the judge for a stay of proceedings, no undertaking to stay the execution of the judgment was ever given, or sought to be given, but by merely taking an appeal from this order the defendant seeks to accomplish a result which, under the code, can only be obtained after a care-

ful preservation of the rights of the prevailing litigant, in the manner there prescribed."

If there is no stay bond the lower court may issue the writ of assistance. In *California Bank* v. *Graves*, 129 Cal. 649, the court (pp. 650, 651), says: "Appellant claims that the judgment-roll in this case was improperly admitted in evidence because the case is on appeal to this court and is deemed to be pending. (Citing Code Civ. Proc., sec. 1049; *In re Blythe*, 99 Cal. 472; *Naftzger* v. *Gregg*, 99 Cal. 83; *Murray* v. *Green*, 64 Cal. 363.) But section 942 of the same code provides that if the judgment appealed from 'direct the sales * * * of real property, the execution thereof cannot be stayed, unless a written undertaking be executed on the part of the appellant * * * that he will not commit any waste thereon, and that if the judgment be affirmed, or the appeal dismissed, he will pay the value of the use * * * of the property,' etc., and 'where the judgment is for the sale of mortgaged premises, and the payment of a deficiency arising upon the sale, the undertaking must provide for the payment of such deficiency. No stay bond was given in the present case, but simply the ordinary appeal bond as provided by section 941 of the code of civil procedure. The cases cited by appellant do not reach the point made by him. The evidence was admissible, and the writ could issue notwithstanding the appeal. (*Montgomery* v. *Tutt*, 11 Cal. 190.)"

Section 3440 applies to a case where the defendant, or those holding under him, has or have property in his or their possession which has been adjudged by the lower court to belong to the respondent, or where the appellant is required to do some act, within the meaning of that section, for the benefit of the respondent and where it would be unjust to allow the appellant to retain the possession of the property, and perhaps dissipate it or put it out of his power to perform the act required, without securing respondent by a bond.

The mere existence of an appeal from a final decree

does not affect the inherent validity and force of that
decree.   Section 3440 provides:

"If the judgment * * * appealed from directs * * *
the delivery of possession of real property, the execution
of the same shall not be stayed unless a written under-
taking be executed on the part of the appellant * * *
to the effect that during the possession of such property
by the appellant it will not commit nor suffer to be com-
mitted, any waste thereon, and that if the judgment be
affirmed it will pay the value of the use and occupation
of the property from the time of the appeal until the
delivery of the possession thereof, pursuant to the judg-
ment, * * * not exceeding a sum to be fixed by the
judge."   .

It is manifest that the section quoted is only intended
to stay the execution of the judgment so far as the deliv-
ery of possession is required by its terms.

What was actually done by the court in this case was
in the exercise of its power to control its process in the
interest of justice—to grant the appellants a reasonable
opportunity to make the showing essential to the exercise
of its discretion in fixing the amount of the undertaking
to be given to stay the enforcement of its judgment.

Each court has such general control of its process as to
enable it to act for the prevention of all abuse thereof,
regardless of appellate proceedings.   In *Granger* v. *Craig,*
85 N. Y. 620, the court says: "When an appellant will rely
alone upon his appeal for a stay of the proceedings on
the judgment appealed from, he must give the undertak-
ing that the code requires.   The code, however, does not
abridge the power that the court has always had over its
own judgments, to correct mistakes in them, to vacate
them for irregularity, to stay proceedings on them for
such time and on such terms as to the court seem proper.
It is a discretion still resting in that court, and not to be
reviewed in this court, unless capriciously exercised or
abused.   In this case neither of those things has been
done.   The order made was not appealable." (*Quinlan* v.

*Rossell,* 48 N. Y. Super. 538; *Blackburn* v. *Reilly,* 48 N. J. L. 82, 2 Atl. 817, 819.)

Hence, if the judgment is void there is a remedy by motion to either arrest or stay process. (*Murdock* v. *De Vries,* 37 Cal. 527; *Chipman* v. *Bowman,* 14 Cal. 157; *Bell* v. *Thompson,* 19 Cal. 798; *Logan* v. *Hillegas,* 16 Cal. 200; *Bell* v. *Thompson,* 19 Cal. 706; *Sanchez* v. *Carriaga,* 31 Cal. 170; *Ketchum* v. *Crippen,* 37 Cal. 223.)

In *Robinson* v. *Chesseldine,* 5 Ill. 332, the court in holding that a court of equity will not entertain jurisdiction where there is an adequate remedy at law, says: ".Courts of law have a general supervisory power over their process, either mesne or final, and, according to the settled practice, may prevent or correct any abuse of it."

In 1 Freeman on Executions, sec. 32, the author says: "The power of courts to temporarily stay the issuing of an execution is exercised in an almost infinite variety of circumstances, in order that the ends of justice may be accomplished. * * * It is the general practice of the losing party to ask, and for the court to grant, a stay of execution for some designated period after the entry of judgment, for no other reason than he is not yet ready to comply with the judgment, or, perhaps, in view of proceedings by appeal or for a new trial. These stays generally result in delay, and sometimes in the defeat of justice, and the courts ought to be very cautious in granting them, except in cases where the ultimate satisfaction of the judgment by the defendant is assured. The power, however, to grant such stays of execution is everywhere conceded, and it could not be limited by the enactment of any unvarying rule without encountering evils of greater magnitude than those sought to be suppressed." (*Credits Com. Co.* v. *Superior Court,* 140 Cal. 82; *Elliott* v. *Sup. Ct.,* 144 Cal. 501, 509.)

In *Eaton* v. *Cleveland,* 41 Fed. 421, the court says: "In these cases motions for a temporary stay of execution on the judgment have been filed. Where the motions were argued, counsel strenuously contended that the court had no power to grant a temporary stay of execution, and

that it would be a clear violation of the rights of the judgment creditors to withhold execution, even for a short period.   A cursory examination of that question satisfies me, however, that all courts of common law have power to temporarily stay executions on judgments by them rendered, whenever it is necessary to accomplish the ends of justice.   In *Sawin* v. *Bank*, 2 R. I. 383, the court said: 'We are satisfied that the court has an entire control over its process, and that it is in the discretion of the court to grant or stay the execution in each particular case, according to the circumstances. But this discretion must be judicially exercised,' etc. * * *  In *Robinson* v. *Yon*, 8 Fla. 355, the court said: "Courts of law have full power to revoke, correct, restrain, or quash their own process, in the course of their own ordinary jurisdiction.'" (*Steere* v. *Stafford*, 12 R. I. 131; *Com.* v. *Magee*, 49 Am. Dec. 509; *Knox* v. *Hexter*, 42 N. Y. Super. Ct. 496; *Phillips* v. *Evans*, 64 Mo. 24.)

A court has inherent power to preserve to a party the fruits of an appeal of which it has jurisdiction, by ordering a stay of proceedings upon the giving of a bond sufficient to protect the adverse party. (*Credits Com. Co.* v. *Superior Court*, 140 Cal. 82, 84.)

In *City of Janesville* v. *Janesville Water Co.*, 61 N. W. 770, the court uses the following language: "We are not advised of the ground of the refusal of the circuit court to grant the stay sought by the defendant, on terms, further than that it is contended that to grant or refuse it was a matter entirely within the discretion of the court. This court has the inherent power by virtue of its appellate jurisdiction, to grant the order applied for, and to restore the parties, so far as may be, to their condition in respect to the matters affected by the order at the time it was granted."

In *State ex rel. Smith* v. *Sachs*, 27 Pac. 1075, the court uses the following language: "The question for our determination is, Has the relator a right to file such a bond pending his appeal?  If he has it is the manifest

duty of the respondent to order and fix the amount thereof. * * * We are of the opinion that the relator has a right to file such bond in this case, and that the respondent ought to determine and fix the amount of the same."

The application is without merit.

The writ of prohibition is an extraordinary judicial writ, to be used with great caution and forbearance for the furtherance of justice when there is no other regular and ordinary remedy. It is not a writ of right but of sound discretion. (32 Cyc. 599, 600.) It will lie only in case of manifest necessity, and after fruitless application for relief to the inferior tribunal. (Id. 602.) If the lower court has jurisdiction of the parties and subject-matter it will not lie. (Id. 605.)

It will not lie if the appeal has not been perfected so as to operate as a stay of proceedings. (*Bliss* v. *Superior Court*, 62 Cal. 543; *White* v. *Superior Court*, 110 Cal. 54.)

In this case the decree determined the rights of the parties, and gave the plaintiffs and the defendants Wright a summary right to be put in possession of the properties involved as against the makers of Exhibit D, and all others entering in subordination of their rights after the commencement of the suit. Although the decree directed that the plaintiffs and the Wrights be let into possession, that direction was not essential. (*Horn* v. *Volcano Water Co.*, 18 Cal. 143; *Montgomery* v. *Tutt*, 11 Cal. 192; *Clarkson* v. *De Peyster*, 1 Hopkins Ch. 422.)

It does not appear that the lower court is about to take any steps in the matter of a writ of assistance, and we do not see that the question is involved here, yet, as some inquiry was made from the bench during the course of the oral argument in relation to the power of the court in the premises, we will say generally that a writ of assistance may be employed whenever a court of equity, having jurisdiction of the persons and property in suit, has determined the rights of the litigants to the title or possession of real estate. Equity abhors a multiplicity of remedies, and a court of equity has the same power to

put one whose right has been established in possession of the premises as it has to put the purchaser at a foreclosure sale in possession of the land bought by him. (*Harding* v. *Fuller*, 30 N. E. 1053; 2 Ency. Pl. & Pr. 977; *Montgomery* v. *Tutt*, 11 Cal. 190; *Kershaw* v. *Thompson*, 4 Johns. Ch. 609; *Escrit* v. *Michaelson*, 73 Neb. 634.)

In this case, inasmuch as the plaintiffs and defendants Wright are only entitled to eleven-fifteenths of the properties, the writ would be executed by placing them in possession of every part and parcel of the properties, jointly with the other tenants in common. (*Tevis* v. *Hicks*, 38 Cal. 234.)

There has been no application to the respondent to fix the amount of an undertaking to stay execution pending appeal, at least no such application as the law requires. The properties covered by the judgment consist of mining claims. It has developed at the argument, stated by counsel for petitioners, that several hundred men are employed in extracting ores; a mill dropping 120 stamps, and improved machinery and facilities are engaged in converting such ores into bullion. The very substance of the estate is being exhausted. The petitioners and those holding under them are foreigners. The plaintiffs and defendants Wright are absolutely without security or protection.

The respondents did not know, could not know, in what amount to fix the undertaking under section 3440. It had no information as to the number of men employed or that will be employed in mining and extracting ores; what number of stamps have been or will be engaged in crushing the ores; the size of the ore veins or bodies, their nature or their value per ton. It did not and could not know the gross or net value of the ores that may be extracted during the appellate period. It was absolutely without data upon which to exercise its judgment or discretion. It was not for the plaintiffs and defendants Wright to move in the premises; they would be entitled to execute their judgment at any time after fifteen days after the motion for a new trial should be overruled

unless the petitioners should apply for and furnish the undertaking provided by section 3440.

"The duty did not rest upon the successful party to furnish the facts necessary to move the defendant's discretion. He was entitled to his execution, in the absence of a stay, and the stay could not be granted only upon an application supported by facts sufficient to move judicial discretion." (State v. Clements, 95 Pac. 846.)

The respondents are well within, and have taken no step beyond, their jurisdiction. The petitioners have not lost, nor will they lose, by any contemplated proceeding in the court below, any rights. If they desire the stay provided by section 3440 they may still obtain it by complying with its terms.

*Per Curiam:*

This proceeding stands upon a petition for a writ of prohibition, to which a demurrer has been interposed. It is sought to have the district court restrained from executing a writ of assistance or proceeding to take evidence for an accounting to determine the amount of damages in the action of B. A. Gamble and F. S. Chadbourne against L. J. Hanchett, these petitioners and others, both of which have been ordered by that court. It is claimed the district court was without jurisdiction and acted in excess of its discretion in making these orders, and that therefore it should be enjoined from proceeding with the writ of assistance or accounting. A proper understanding of the questions raised necessitates a reference to the conditions and proceedings in the action mentioned. These are set out generally in the petition for the writ. In the hearing in this court, the petitioners moved to amend the petition by adding the pleadings in the original case, and claimed that there were no issues warranting the aforesaid orders made by the district court. The respondents objected to this amendment and the matter was taken under advisement. Permission is now granted petitioners to make the amendment as requested, or the

pleadings in the main case may be considered as a part of the petition for the writ of prohibition, for they allege more fully the facts upon which petitioners rely.

These may be stated, briefly, so far as they are deemed material in determining whether the writ should issue. The main action was brought on an agreement which provided for an option to purchase and for the taking of possession and working for a specified period several mines and other valuable property. A trial was had and, on the 6th day of February, 1909, the district court rendered judgment in favor of the plaintiffs in the action and the defendants Wrights, and against the defendants who are the petitioners here, for eleven-fifteenths of the property, subject to the conditions of a certain option or right of entry into and possession of the premises, and for an accounting or damages. The defendants, who are the petitioners here, moved for a new trial, and their motion for a new trial was submitted on the 8th day of November, 1909. On the 25th day of May, 1909, after notice and hearing and under objection, the court ordered that a writ of assistance be issued. On that day respective counsel entered into a stipulation that the operation of this writ be stayed to the 14th day of June, 1909, and to such other time as the court might set, for hearing and taking of testimony for the determination of the amount of the stay bond, and further stipulated that "the bond as to its form and the sufficiency of the sureties, or surety company or companies thereto, shall be approved by the court or the judge thereof, and shall be to the end and substantially in form as though upon an appeal and given under section 3440, Compiled Laws." After hearing on June 17, 1909, the court made an order that a bond in the sum of $150,000 be filed, and further ordered that the defendants have ten days in which to prepare and file the bond, and on July 20, 1909, a bond in that amount was filed, and the execution of the writ of assistance was stayed until fifteen days after the court's determination of the motion for a new trial. No opinion on the motion

for a new trial having been rendered, notice of appeal was filed on the 22d day of January, 1910, the day previous to the time for appeal from the judgment.

On the 27th day of January, 1910, the court made the following order: "It appearing to the court from the statement of the Honorable S. Platt, attorney for defendants, that it is necessary for the court at this time to fix the amount of the undertaking on appeal by certain of the defendants from the judgment heretofore rendered in the above-entitled case, to stay execution of said judgment, in so far as the possession of the lands and premises may be concerned, and it further appearing from telegram from attorney for plaintiffs that a $1,000,000 bond is requested to stay execution, and it further appearing from said telegram that plaintiffs' consent to a temporary stay of execution, and it further being within the judicial knowledge of the court that the court by reason of other engagements urgent in character is unable to give the matter proper consideration at this time, it is therefore ordered that the defendant may file a bond on appeal from said judgment temporarily in the sum of $300, and that execution be stayed temporarily upon the filing of said bond, and the court hereby reserves unto itself the right to hereafter establish the amount of bond to be permanently used in the stay of said execution, and the court directs that on Saturday, the 12th day of February, 1910, he will hear proofs from plaintiffs and defendants as to the amount of the permanent bond to be filed in staying execution hereunder. This action being done, and this order being herein entered for the reason that the court is unable to give it due consideration, ordered that the clerk furnish counsel with a copy of this order."

Thereupon exception was taken to the order upon the following grounds:

"(1) That said order is erroneous in so far as the court reserves the right to establish and fix the amount of the bond to be permanently used in staying execution, in this: that upon filing notice of appeal and bond on

appeal said court is ousted of and has no jurisdiction further to make any order whatsoever in reference to the bond on appeal or in reference to the judgment appealed from or any matter embraced therein.

" (2) That said order is erroneous, in this: that it attempts to fix the amount of bond to temporarily stay execution, when under the law said order fixing the amount of the bond stays execution pending the appeal.

" (3) Said order is erroneous, in this: that it attempts to fix the time during which the bond required by said order shall stay execution, whereas the time during which said bond shall stay execution is fixed by law, to wit, sections 3440–3441 of the Compiled Laws of Nevada (Cutting's Ed.).

" (4) Said order is erroneous in so far as it attempts to set and name a date for hearing proof as to the amount of the permanent bond to be filed in stay of execution.

" (5) That said order fixes the amount of bond necessary to be filed to stay execution, and that in all other respects said order is erroneous."

On the same day—January 27, 1910—a bond was filed providing for $300 for the costs of appeal, and for $300 conditioned that during the possession of the premises by the appellants they will not commit waste, and that, if the judgment be affirmed, they will pay the value of the use and occupation of the premises until the delivery of the possession, not exceeding that amount.

On February 16, 1910, the court made the following order: "This being the time and place heretofore fixed by the order of the court made and entered on the 7th day of February, 1910, in which to hear proof with respect to fixing the amount of an undertaking to be furnished by the defendants on the appeal from the judgment heretofore entered, in the above-entitled cause, for the purpose of staying the execution of said judgment, in so far as the possession of the lands and premises involved in the said judgment are concerned, the plaintiffs and defendants Wrights being represented by counsel, and the other defendants being also represented by coun-

sel, and whereas no evidence is at this time offered by the parties appearing asking the court to fix the amount of said undertaking as to the amount of the same, and the court, being without sufficient information in the premises, is unable at this time to intelligently establish the amount of the undertaking contemplated under the provisions of section 3440 of the Compiled Laws of the State of Nevada, it is therefore ordered that the further hearing of this matter be continued until such time as the parties to this action desiring the undertaking upon an appeal to be established by this court upon proper notice to the plaintiffs, and upon presenting to the court such competent information, as will enable the court to intelligently establish the amount of the required undertaking. Notice herein required shall be filed and served at least ten days before the time set for hearing."

Exceptions were taken to this order on the same grounds as presented against the former order, and upon the further ground that the court has no jurisdiction to enforce the operation of the writ of · assistance or to modify or change its order fixing a temporary stay bond of $300, or to make any additional order in furtherance of the judgment entered in the case for the reason that an appeal had already been perfected. Before the last-mentioned order was made, the court made one vacating its original order of the 27th day of January, 1910, fixing a temporary stay bond in the sum of $300. Exception was taken to this order on the same grounds, and it was further objected that the vacating of the order deprived the defendants of any relief as against the operation of the writ of assistance, and was arbitrary and without the jurisdictional power of the court. On the 7th day of February, 1910, the court denied the motion for a new trial.

On behalf of the petitioners it is contended:

(1) That the judgment appealed from awards possession under a mere license to enter a mine contained in an option, and not by virtue of title to or ownership of the property, and is not a judgment directing delivery or

possession of real property within the meaning of section 345 of the practice act; that no writ of assistance can legally issue on such a judgment, nor can any bond be legally executed as a condition of staying its enforcement.

(2) That the judgment appealed from not being a judgment directing the delivery of real property within the meaning of section 345 of the practice act, the case falls under section 349, which makes the $300 cost bond filed under section 341 a statutory *supersedeas* or stay, and that no special stay bond was required.

(3) That all proceedings under the judgment appealed from having been stayed by virtue of section 349 of the practice act, and by the filing of. the $300 cost bond under section 341 on January 27, 1910, the court was prohibited by section 346 from thereafter proceeding in any way under the judgment, and that the appeal was then perfected and the case was in the appellate court.

(4) That the judgment appealed from is a final one, from which an appeal will lie.

(5) That the writ of prohibition should issue because there was a statutory *supersedeas* by the filing of the cost bond for $300 under section 349 of the practice act, which deprived the lower court of jurisdiction to proceed further, and because, aside from any question as to whether there was a statutory *supersedeas*, the court exceeded its legitimate powers as a court of equity in attempting by its judgment to oust the defendant corporation, the Silver Peak Mining Company, from its valuable mining properties, which are in operation, and to place plaintiffs in possession by a writ of assistance in order that they might work the mines and ascertain if they cared to purchase, and in exacting an enormous bond as a condition of the defendant retaining possession of its own property. It is said that this is a judicial abuse or usurpation of power and jurisdiction that is not vested in any court of law or equity.

Did the district court exceed its jurisdiction in rendering a judgment for the possession of the premises and for

an accounting, or by ordering the writ of assistance, and has there been a permanent stay of judgment? If these questions are answered in the negative, the law applicable is well settled that the proper method for having the proceedings complained of remedied is by appeal.

In *Low* v. *Crown Point Mining Company*, 2 Nev. 75, it was held that an interlocutory order made in the court below could not be reviewed by writ of prohibition, and that such orders were subject to review on appeal from the final judgment.

Hawley, C. J., speaking for this court in *Walcott* v. *Wells*, 21 Nev. 50, 9 L. R. A. 59, 37 Am. St. Rep. 478, said: "The writ of prohibition is an extraordinary remedy, and should be issued only in cases of extreme necessity. Before it should issue it must appear that the petitioner has applied to the inferior tribunal for relief. The object of the writ is to restrain inferior courts from acting without authority of law in cases where wrong, damages, and injustice are likely to follow from such action. It does not lie for grievances which may be redressed in the ordinary course of judicial proceedings, by appeal. It is not a writ of right, but one of sound judicial discretion, to be issued or refused according to the facts and circumstances of each particular case. Like all other prerogative writs, it is to be used with caution and forbearance, for the furtherance of justice and securing order and regularity in judicial proceedings in cases where none of the ordinary remedies provided by law are applicable. The writ should not be granted except in cases of a usurpation or abuse of power, and not then, unless the other remedies provided by law are inadequate to afford full relief. If the inferior court has jurisdiction of the subject-matter of the controversy and only errs in the exercise of its jurisdiction, this will not justify a resort to the extraordinary remedy by prohibition.

"The district court has unquestioned jurisdiction of the subject-matter of the action of *Walcott* v. *Watson, et al.* Petitioner, after submitting her cause to the jurisdiction of that court, sought to dismiss the action. A controversy

arose as to whether or not the action was dismissed before the filing of defendant's answer setting up a counter-claim. This was a question for the district court to decide. It may have erred in deciding it adversely to petitioner; but, if it did, the petitioner would have redress by an appeal to this court, if the final judgment should be rendered against her. * * *

"In *Martin* v. *Sloan,* after a temporary injunction was dissolved in an action brought by an administrator, the defendant therein moved for an assessment of damages on the injunction bond. During the proceedings a new administrator was substituted. One of the sureties on the injunction bond instituted this proceeding, and applied for a writ of prohibition to prevent the court from proceeding any further upon the motion for damages, on the ground that the original suit had abated, and the jurisdiction of the court terminated. The court said: 'This is plainly no case for the issuance of a writ of prohibition. Should the trial court enter a finding and judgment for damages against petitioner and the other sureties on the injunction bond, any one of them aggrieved may review that result by appeal or writ of error, on taking proper steps to that end. Any error that the court may make in determining the proper limits of its jurisdiction in the premises can be effectively corrected by any of the usual modes of reviewing judgments. The writ of prohibition should issue only in circumstances where the ordinary remedies are inadequate to the ends of justice. Where, as here, an appeal or writ of error furnished a complete and effective remedy for an error of the court below prejudicial to the rights of a party, this extraordinary remedy should be denied.' (93 Mo. 252; 11 S. W. 558.)

"See, also, *People ex rel. Loveland* v. *District Court,* 11 Colo. 574; *Buskirk* v. *Judge Circuit Court,* 7 W. Va. 91; *Fleming* v. *Commissioners,* 31 W. Va. 619; *Supervisors* v. *Wingfield,* 27 Grat. 333; *State ex rel. Patton* v. *Houston, Judge,* 40 La. Ann. 393, 4 South. 50, 8 Am. St. Rep. 532; *State ex rel. Mayer* v. *Rightor, Judge,* 40 La. Ann. 839;

*Wilson* v. *Berkstresser,* 45 Mo. 283; *People ex rel. Adams* v. *Westbrook,* 89 N. Y. 152; *Turner* v. *Mayor,* 78 Ga. 687; *People* v. *Wayne Circuit Court,* 11 Mich. 403; *People ex rel. Marks* v. *Hills,* 5 Utah, 410, 16 Pac. 405; *Powelson* v. *Lockwood,* 82 Cal. 615; High, Extr. Rem., sec. 765, *et seq.*"

The cases are very numerous supporting these conclusions regarding the purposes for which writs of prohibition may issue. The doctrine that the writ cannot ordinarily be used for the correction of errors in inferior tribunals, but that relief must be sought in one of the appropriate proceedings provided by law, and that the writ will not issue where there is an adequate remedy by appeal or writ of *certiorari,* is supported by many well-considered decisions on this subject. The same rule applies to criminal prosecutions. A long list of cases sustaining this doctrine are cited in the note in 1 Am. & Eng. Cases, at pages 713–715, following the opinion in *State ex rel. Arthur Brown* v. *District Court,* taken from 27 Utah, 336, 75 Pac. 739. It was held there that the writ would not issue to restrain the district court from proceeding with the trial of a case upon the ground that the necessary steps preliminary to the institution of the criminal prosecution had not been taken. It was said that, if the lower court had jurisdiction of the subject-matter, it was authorized to decide as to the sufficiency of the preliminary proceedings, and that the remedy of the defendant was by appeal. A list of cases is cited in support of the statement in the note mentioned, that even an erroneous decision of a jurisdictional question is not ground for issuing a writ of prohibition if the court had jurisdiction of the general class of actions to which the particular case applies, since there is an adequate remedy by appeal.

Petitioners refer us to a number of cases holding that, when the requisites for an appeal have been complied with and a *supersedeas* bond has been given, the writ of prohibition will issue to prevent the court from proceeding to enforce the judgment. If those decisions be regarded as correct, they are not applicable here unless a stay bond

has been given and is now in force, or unless under the statute an appeal stays execution without such a bond, and we are unable to see wherein the judgment and order for the writ of assistance were without the jurisdiction of the district court, or that execution has been stayed pending the appeal. The action having been brought to recover the possession of real estate on an agreement containing a provision for the taking of possession and working of the mines by the plaintiffs, the district court had original jurisdiction to try the case and to hear and determine the issues involved. Whether the court properly or improperly concluded that the contract could be enforced in equity after the period provided by its terms when compliance had been delayed or prevented by the defendants, and whether the court properly or improperly ordered judgment in favor of the plaintiffs for the possession of the premises and for an accounting or damages for the failure or refusal of the petitioners to let the plaintiffs into possession under that agreement is not before us now for decision. If the court erred regarding these matters, which it was its duty to decide, its action is subject to review, and error, if any, to correction, by the ordinary methods of appeal. If every judgment which is erroneous, or which is unsatisfactory to the parties against whom it was rendered, could be reviewed by writ of prohibition, it might be advantageous to abolish the statutes providing for appeals. If prohibition would be the proper remedy to review and set aside the judgment in this action, it would be so in other cases as ordinarily appealed.

It is claimed that the ordering of the accounting was without the jurisdiction of the district court because no accounting was demanded in the complaint. By that pleading the plaintiffs sought to have the contract enforced and also asked for general relief, and the statute provided that, where parties appear, the court may grant any relief consistent with the case made by the complaint and embraced within the issue. Again, this was a matter for the court to decide, and, if it erred,

the remedy would be by appeal. Whether judgment was final as claimed or not, we need not determine, for, whether final or not, the statute expressly requires that the execution shall not be stayed under such judgment unless a bond in an amount to be fixed by the judge be given.

However, it is now claimed on behalf of the petitioners that the case does not come under section 3440 of the Compiled Laws, which is section 345 of the practice act, and which contains the following language: "If the judgment or order appealed from direct the sale or delivery of possession of real property, the execution of the same shall not be stayed unless a written undertaking be executed on the part of the appellant, with two or more sureties, to the effect that during the possession of such property by the appellant he will not commit nor suffer to be committed, any waste thereon, and that if the judgment be affirmed he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof, pursuant to the judgment or order, not exceeding a sum to be fixed by the judge of the court by which the judgment was rendered or order made, and which shall be specified in the undertaking."

As the judgment is for the possession of real property, it clearly comes within this section; and whether the judgment is final or not, and whether an appeal by the regular notice and the usual $300 cost bond was taken or not, the execution is not stayed unless a bond in an amount fixed by the judge to stay the execution pending appeal was given and is now in force. By the stipulation in the lower court regarding a bond to be given in compliance with that section, petitioners became estopped to deny that the section governed the undertaking to stay execution in the case, or to assert, as they have done, that the other sections controlled the stay bond. This is not the first time that we have had occasion to hold that the parties are estopped to rely in this court upon a position the reverse of that taken by them in the district court.

In *Strong* v. *Willey*, 104 U. S. 512, 26 L. Ed. 642, it was held that by referring the matter in controversy to an arbitrator, with a stipulation that his report should be the basis of a decree, the parties waived the objection that the remedy was at law.   As the presumptions are in favor of the judgment of the district court, and the statute gives the successful plaintiffs the right to an execution unless a bond to stay it pending the appeal is given in an amount fixed by the judge, so as to protect the plaintiffs during the appeal, as provided by the statute, it cannot be said the court has lost jurisdiction to issue a writ of assistance.   The $300 bond for costs on appeal must be given within five days after the filing of the notice of appeal, but the statute does not provide any period regarding stay bonds, and it has been held that they may be given at any time before the execution has been executed.   The bond to stay the execution pending appeal should be so ordered and conditioned as to protect the party entitled to the execution pending appeal.

We are unable to see how the $300 bond can have this effect, or can be regarded as a permanent stay bond pending appeal, as contended, when that bond was fixed and ordered by the court at a time when it was unable to give the matter due consideration with the express reservation that it was to be temporary, that the execution was to be stayed temporarily upon its filing, and that the court reserved the right to thereafter establish the amount of the bond to be permanently used in the stay of the execution, and at the same time fixed the 12th day of February, 1910, for hearing proofs, as to the amount of the permanent bond to be filed for staying execution.   It would seem that this bond was comparatively nominal, and was intended to cover a brief period, in view of the fact that the court fixed $150,000 as the amount of an undertaking to stay execution pending the motion for a new trial, and until fifteen days thereafter. As no amount has been fixed by the judge for an undertaking to stay execution pending the appeal, as contemplated by the statute, it is his duty upon application to

fix some amount which will be reasonable and sufficient to protect the parties in whose favor the judgment was rendered pending appeal. No doubt, if the defendants regard the amount suggested or contemplated to be fixed as too large, they can easily make a showing to the judge for a reduction, as they are in possession of and working the property and extracting large quantities of ore, and must be informed regarding its output, or in possession of facts which would indicate the amount of any probable damages which the plaintiffs in the action might sustain.

The complaint of respondents that they are deprived of an opportunity to prevent the execution of the writ of assistance by the order of the court continuing the hearing for fixing the amount of the undertaking to stay the writ pending the appeal to such time as the parties desiring the undertaking upon ten days' notice to the plaintiffs present such competent information as will enable the court to intelligently fix the amount of the undertaking in connection with the order vacating the temporary stay which had been granted on the $300 bond would be a just one if respondents had not brought about these orders and this condition of affairs themselves by failing, when given an opportunity, to furnish the court with the proper information regarding the amount of the bond at the time fixed for that purpose, and making no excuse for not giving this information, nor offer to supply it at any definite time later, and by failing to offer a further temporary stay bond until the amount of a permanent one might be fixed, and by contending that the $300 bond accepted by the court only as a temporary one effected a permanent stay. Under these circumstances, we cannot assume that the district judge would not, upon application, with a temporary bond have again stayed execution temporarily until the ten days' notice could be given and the permanent undertaking properly fixed. Although respondents are clearly entitled to a stay pending the appeal upon giving the necessary undertaking, it is not apparent that they have any just ground for complaint while they block

the way by failing to supply the judge with information regarding the value of the ore and occupation of the property and possible waste, so that the right amount for an undertaking to warrant a stay may be determined.

In Hayne on New Trial and Appeal, sec. 219, it is said: "The rule stated in the foregoing extract seems to be this: That, where the judgment is for the delivery of the possession of real property, the undertaking must provide against waste and for the payment of the value of the use and occupation. * * * Where the only undertaking given was one in the sum of $300 and another in an amount fixed by the judge to provide for waste and the value of the use and occupation, it was held that there was no stay, and the sheriff was ordered to proceed with the sale. (*Societe D'Epargnes* v. *McHenry*, 49 Cal. 351.)"

And in Freeman on Executions, sec. 32: "It is the general practice of the losing party to ask and for the court to grant a stay of execution for some designated period after the entry of judgment for no other reason than that he is not yet ready to comply with the judgment, or perhaps in view of proceedings by appeal or for a new trial. These stays generally result in delay, and sometimes in the defeat of justice, and the courts ought to be very cautious in granting them, except in cases where the ultimate satisfaction of the judgment by the defendant is assured. The power, however, to grant such stays of execution is everywhere conceded, and it could not be limited by the enactment of any unvarying rule without encountering evils of greater magnitude than those sought to be suppressed. The exercise of this power will sometimes be reviewed by the appellate courts, but never 'unless capriciously exercised or abused.' In some of the states, stay laws are in force, under which defendants on giving security may delay the issuing of execution. * * * A party moving for a new trial, or prosecuting an appeal from a judgment, ordinarily finds it necessary to obtain a stay of execution. Neither of these proceedings results in such stay until the undertaking or other security required by statute has been given. (*Fulton* v.

*Hanna,* 40 Cal. 278; *Ela* v. *Welch,* 9 Wis. 395; *Thomas* v. *Nicklas,* 58 Iowa, 49; *Eakle* v. *Smith,* 24 Md. 339; *Kilbee* v. *Myrick,* 12 Fla. 416; *Ex Parte Floyd,* 40 Ala. 116; *Castro* v. *Illies,* 22 Tex. 479, 73 Am. Dec. 277; *Tucker* v. *State,* 11 Md. 322; *Branigan* v. *Rose,* 3 Gilman (Ill.)123; *Johnson* v. *Goldsborough,* 1 Har. & J. (Md.) 498; *People* v. *Luocks,* 28 Cal. 68.)"

During all the time that this court has been in existence the writ of prohibition has been rarely issued.

In *People* v. *District Court,* 32 Colo. 472, 77 Pac. 240, it is said in the opinion: "These applications invoking the original jurisdiction of this court are becoming altogether too frequent, and excepting in extreme cases where the right to the extraordinary relief clearly appears, and the usual remedy is not full, speedy, and adequate, we are disposed to remit the parties to their ordinary remedies which, in most cases, prove efficacious, and which, in this case, we believe will be so." The writ ought to issue freely whenever it is necessary for the protection of the rights of a litigant and he has no other plain, speedy, and adequate remedy. To order it in this case would deprive the respondents of a writ of assistance to which they are entitled, unless the petitioners give an undertaking to stay execution pending the appeal, as required by the statute.

The petition for the writ is denied, and the order heretofore made holding in abeyance or temporarily restraining action by the district court is rescinded.